HINES, SHUBRICK & FELDER and F. H. SAFFOLD, for plaintiff. WILLIAMS & SMITH, for defendant.

---

THE PENNSYLVANIA STEEL COMPANY *v.* THE GEORGIA RAILROAD AND BANKING COMPANY.

Where the same vendor, under a single contract of sale, shipped by rail several consignments of goods to the same vendee, each shipment embracing several car-loads, the carrier had the right to retain out of any one or more of the consignments enough of the goods in value to pay the charges for freight and storage upon all, without respect to the particular consignments out of which the goods were retained. And this right of the carrier has the same relation to the right of stoppage *in transitu* by the vendor which it has to the right of the consignee to claim delivery of the retained goods where no stoppage occurred. Payment of the freight and storage must be made before the consignor can obtain possession under the right of stoppage *in transitu*. *Judgment affirmed.*
July. 23, 1894.

Complaint in trover. Before Judge EVE. City court of Richmond county. November term, 1893.

Plaintiff sold a number of tons of rails, spikes, bolts, etc., and shipped them in car-load lots at different dates,

which cars came into possession of defendant as the last of the connecting lines of carriers. From each consignment defendant retained one or two cars to secure itself for the freight and demurrage it claimed on such consignment, and delivered to the consignee the rest of the cars. Plaintiff discovered that it had been misled into selling the goods on credit by fraudulent representations of the consignee, its vendee; and thereupon served on defendant a notice of stoppage *in transitu* for the cars held by it under its claim of lien for freight, tendering the amount of all charges on the cars so stopped. Defendant refused to deliver these cars to plaintiff, unless it would pay the freight and demurrage due on the cars already delivered to the consignee. Plaintiff contended, that while defendant's claim might be good as against the consignee, it was inferior to plaintiff's claim so far as freight was demanded on cars delivered; also, that as each car contained a different number of tons of rails, and the way-bill showed the weight in each, and the amount due on each car was readily ascertainable, each car constituted a separate shipment so far as plaintiff's rights were concerned; and that defendant in delivering the freight, departed from its general custom requiring cash before delivery. A demurrer to the declaration was sustained, unless plaintiff would pay the freight and charges on the cars delivered as well as on those stopped, it appearing that the value of the latter was not equal to the freight and charges. Plaintiff excepted.

WILLIAM T. DAVIDSON, for plaintiff.

J. B. CUMMING and BRYAN CUMMING, for defendant.