## 1486. SEABOARD AIR-LINE RAILWAY *v.* SHACKELFORD.

1. The consignee of goods transported by a railway company can not, ordinarily, recover them in an action of bail-trover against the carrier, unless he has first paid or tendered the freight and storage charges which have accrued, according to the rates and rules of the railroad commission.

2. The railway company, after its liability as carrier has ceased and its liability as warehouseman has attached and the free time allowed by the commission rules has expired, is entitled to storage charges, although the property was not actually placed inside a depot or freight warehouse.

Trover, from city court of Abbeville—Judge Nicholson. September 23, 1908.

Argued December 11,—Decided December 23, 1908.

Shackelford shipped a piece of machinery from Athens, Georgia, to Abbeville, Georgia, and it arrived at destination prior to April 12, 1907. The defendant company, the carrier by which the machinery had been transported, unloaded the machinery and placed it on the platform of its freight depot, and notified Shackelford

that it was ready for delivery, and that storage charges would accrue after April 12. Shackelford made no offer to take the machinery away or to pay the freight, until some time in November. He then offered to pay the freight, but not the storage. He objected to paying the storage, because the property had not been placed inside the depot. He sued out bail-trover for the property. The court held that the company was entitled to freight charges, but not to storage, and a verdict was rendered against the company for the property and its hire after demand and refusal, less the amount of the freight charges.

*Thomas Eason,* for plaintiff. *Hal Lawson,* for defendant.

POWELL, J. (After stating the foregoing facts.)

1. When a carrier has completed the transportation of the freight and notifies the consignee of its arrival, and a reasonable time for him to accept delivery elapses, the relationship of the transportation company to the property changes from that of carrier to that of warehouseman. *Southwestern R. Co.* v. *Felder,* 46 *Ga.* 433. The liability as warehouseman carries with it the reciprocal right of being paid storage charges. *Penn. Steel Co.* v. *Ga. R. Co.,* 94 *Ga.* 636 (21 S. E. 577) ; *Miller* v. *Ga. R. Co.,* 88 *Ga.* 563 (15 S. E. 316, 18 L. R. A. 326, 30 Am. St. R. 170) ; *Dixon* v. *Central Ry. Co.,* 110 *Ga.* 173 (35 S. E. 369). The railroad commission has made definite regulations covering the amount of free time that is to be allowed, and the rate of charges to be made thereafter. These regulations are binding on shipper and carrier alike. They are matters of judicial recognition without proof, and are binding as a part of the law of the land. The shipper can not recover the goods from the carrier, until he pays or tenders not only the freight charges, but also the storage charges. For both of these things the carrier has a lien; that is to say, a right to hold all or any part of the goods until its lawful charges are paid in full. *Penn. Steel Co.* v. *Georgia R. Co.,* supra; *Dixon* v. *Central Ry. Co.,* supra; Civil Code, §§ 2928, 2287. There are certain exceptions to the rule, but none of them are applicable in the present case.

2. The contention that the railway company was entitled to no storage charges in the present case, because the machinery was left on the platform instead of being placed inside the depot, is without merit. The company was just as responsible for the care of the

property, was just as liable for any damage done it while it was on the platform, as it would have been if the machinery had been placed inside the building. This feature of the present case is also covered in the two cases last cited.          *Judgment reversed.*