### 5165.　JELKS *v.* PHILADELPHIA & READING RAILWAY COMPANY.

Where a common carrier waives prepayment and the consignee refuses to take the goods and pay the transportation charges, and the carrier, in strict conformity with law, sells the goods to enforce its lien for charges, and there is still a balance due, the consignor is liable for it to the carrier.

DECIDED DECEMBER 9, 1913.

Complaint; from city court of Quitman—Judge Long. July 14, 1913.

*Bennet & Harrell,* for plaintiff in error.

*Branch & Snow,* contra.

POTTLE, J. The defendant delivered to the Atlantic Coast Line Railway Company at Ty Ty, Ga., a car of melons, consigned to Butz & Co., at Allentown, Pa., to be delivered to the consignees by the Philadelphia & Reading Railway Company as the last carrier. The shipment was made in response to a telegraphic order of an agent of the consignees to ship the melons at a certain agreed price, "f. o. b. Ty Ty, Ga." When the melons arrived at Allentown, Pa., the consignees refused to accept them, claiming that they were not of the quality ordered. Thereupon the carrier proceeded according to law to enforce its lien for charges, and sold the melons and credited the proceeds on the freight charges, and, after so doing, there was a balance of $104.63 due for freight. The consignees refused to pay the freight, and the carrier brought suit against the consignor for the recovery of the balance, and the only question made by the record is whether the consignor is liable. As between the consignor and the consignees the latter were liable for the freight, provided the consignor complied with his contract and shipped melons of the kind and quality ordered. This was a matter which did not concern the carrier. The shipment was one in interstate commerce, and the law imposes upon interstate carriers the duty to collect transportation charges without discrimination. The carrier might have proceeded against the consignees (*Central of Ga. Ry. Co.* v. *Willingham,* 8 *Ga. App.* 817 (70 S. E. 199), but it was not bound to do so. There is nothing in any of the acts of Congress which either authorizes or requires a carrier to accept a shipment without prepayment of freight and look solely to the consignee for payment, but, on the contrary, the law requires the carrier to collect the freight in every instance. It has the authority to waive the prepayment of freight and to refuse to make delivery to the consignee until he pays the freight charges. If the carrier should be unable to locate the consignee, it may call upon the consignor to pay the charges. *Sou. Ry. Co.* v. *Born Steel Range Co.,* 126 *Ga.* 527 (55 S. E. 173). The question was discussed by the Interstate Commerce Commission in Boise Commercial Club v. Adams Express Co., 17 I. C. C. Reports, 115, 121, and it was there said, "It is a carrier's right as a public service corporation to demand prepayment on all shipments, and it may not distinguish between persons

7

who pay in advance and those who do not. The carrier may waive its right to demand prepayment and accept the shipment with the understanding that it will collect the charges upon delivery to the consignee; but if it does not collect such charges from the consignee it must look to the consignor for payment. The collection of the lawful rate is a duty imposed on the carrier by law, and it is given a lien on the property transported to enforce the payment of charges. To accept a shipment without prepayment is no more than to extend credit to the consignor, and this within reason and nondiscriminatory limits it may do." See, also, 2 Hutchinson on Carriers (3d ed.), § 810, where it is said that even though the carrier waived his lien upon the goods by delivering them to the consignee without requiring payment of the freight charges, the consignor might still be held liable for the freight charges. So far as the carrier is concerned, the consignee is regarded as the agent of the shipper, to pay the freight; and if he fails to pay, the consignor must take the consequences. Our attention has not been called to any decision which conflicts with the ruling announced by the interstate-commerce commission. Since the law imposes upon a carrier the absolute duty to collect freight charges, it may proceed against either the consignee or the consignor; and, to relieve itself from the penalty imposed by law for failure to exact the charges, if it fails to collect them from the consignee it must proceed against the consignor. This is required as a matter of public policy. It is not only the right, but the duty, of the carrier to thus collect the charges.              *Judgment affirmed.*