*Way & Burkhalter,* contra.

---

## 6603. BEWLEY-DARST COAL COMPANY *v.* WESTERN & ATLANTIC RAILROAD CO.

RUSSELL, C. J. 1. Where a common carrier waives prepayment and the consignee refuses to take the goods and pay the transportation charges, and the carrier, in strict conformity with law, sells the goods to enforce its lien for charges, and there is still a balance due, the consignor is liable to the carrier. *Jelks* v. *Philadelphia & Reading R. Co.,* 14 *Ga. App.* 96 (80 S. E. 216). And this liability of the consignor under such circumstances applies as much to a charge for demurrage as to a freight or other lawful charge which the carrier is bound to collect. See also *Seaboard Air-Line Ry.* v. *Shackelford,* 5 *Ga. App.* 395 (63 S. E. 252) and cit.; *Dixon* v. *Central R. Co.* 110 *Ga.* 173 (35 S. E. 369); B. & O. R. Co. *v.* Luella Coal Co. (W. Va.), 81 S. E. 1044; *Georgia R.* v. *Creety,* 5 *Ga. App.* 424 (63 S. E. 528).

2. The allegations of fact in the plaintiff's petition being admitted, and the only contention being that the consignor was liable for freight charges alone, and not for demurrage accrued on the shipment (B. & O. R. Co. *v.* Luella Coal Co., supra), the judgment of the appellate division of the municipal court, affirming the judgment of the trial judge in finding the consignor liable for the balance alleged to be due for freight and demurrage, was a correct one and will not be disturbed.

*Judgment affirmed.*

DECIDED JANUARY 10, 1916.

Attachment; from municipal court of Atlanta. May 5, 1915.

*W. O. Wilson,* for plaintiff in error.

*Tye, Peeples & Jordan,* contra.