MILLER & VIDOR LUMBER CO. v. ATCHISON, T. & S. F. RY. CO. (No. 7292.)

(Court of Civil Appeals of Texas. Galveston. Jan. 12, 1917.)

CARRIERS ⬤⟳194— CARRIAGE OF GOODS—SHIPMENT "FREIGHT COLLECT" — LIABILITY OF CONSIGNOR.

Where lumber was delivered to a carrier under a bill of lading, naming the consignee, and showing that the lumber was to be shipped "freight collect," and the lumber was transported from the point of delivery to the point of destination named in the bill of lading, and carrier performed its contract and tendered the shipment to the consignee at the point of destination and consignee refused to receive the same or pay the freight charges after due notice, and the consignor was within a reasonable time thereafter notified of such refusal and took no steps to pay the freight charges or take care of the lumber, and the carrier in conformity with law sold the goods to enforce its lien for charges, and there is still a balance due, the consignor is liable to the carrier for such balance, since the liability of the consignor with whom a contract of shipment is made for the charges provided for therein exists regardless of whether or not the consignee is the owner, and irrespective of the failure of the carrier to collect freight from the consignee.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 870–872.]

Error from District Court, Galveston County; Clay S. Briggs, Judge.

Action by the Atchison, Topeka & Santa Fé Railway Company against the Miller & Vidor Lumber Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Stewarts, of Galveston, for plaintiff in error. Terry, Cavin & Mills and Jno. G. Gregg, all of Galveston, for defendant in error.

LANE, J. For the purpose of more clearly presenting the issues involved, we will, at the outset, make a statement of the nature of the case, as follows:

On or about each of the days of October 1, 9, and 14, 1909, the plaintiff in error, Miller & Vidor Lumber Company, a corporation incorporated under the laws of the state of Texas, delivered to the Gulf, Colorado & Santa Fé Railway Company, a carrier of freight for hire in the state of Texas, one carload of lumber at Waukegan in said state. Said three cars of lumber were delivered to said Gulf, Colorado & Santa Fé Railway Company and consigned to one E. B. Lombard at Chicago in the state of Illinois, "freight collect." All of said lumber was transported by the Gulf, Colorado & Santa Fé Railway Company to its connection with the Atchison, Topeka & Santa Fé Railway Company, a corporation incorporated under the laws of the state of Kansas, plaintiff herein, and there delivered to and transported by said last-named company to Chicago, Ill., in proper time. Within a reasonable time after each of said cars of lumber had reached Chicago, E. B. Lombard, the consignee, was notified of the arrival of same, and that the same would be delivered to him upon payment of the freight charges due thereon. The freight charges due on said lumber was $454.22. After such notice had been received by said Lombard, he notified defendant in error that the lumber was not such lumber as he had ordered from plaintiff in error, and that he would not accept and receive the same. Immediately after notice of such refusal of Lombard to accept said lumber, defendant in error requested plaintiff in error to advise what disposition they wanted made of said lumber. Neither plaintiff in error nor E. B. Lombard, consignee, made disposition, or advised defendant in error what disposition to make of the same. Said lumber remained on the cars at Chicago and in storage, while defendant in error awaited advice as to its disposition, until the lawful charges for demurrage, unloading, and storage had amounted to $389.79. Defendant in error finding it impossible to have the freight and other charges due on said lumber paid by either the consignee or the shipper, in due time and in accordance with law had said lumber sold to pay the charges above mentioned, aggregating $844.01, and the further sum of $47.99 incurred in making said sale under the law, all of which aggregated the sum of $892. At said sale said lumber was sold for the sum of $160, which, deducted from the aggregate sum of $892 due for freight, demurrage, storage, and other expenses above stated, left an unpaid balance thereof of $732, for which defendant in error sued in this cause. No payment was ever made upon the claim of defendant in error other than the $160 above mentioned. The Atchison, Topeka & Santa Fé Railway Company, defendant in error, became and is the owner of the entire unpaid balance of said $892 due for freight, demurrage, etc.

At the time said lumber was delivered to the Gulf, Colorado & Santa Fé Railway Company at Waukegan, Tex., there was an agreement between Miller & Vidor Lumber Company and the consignee, E. B. Lombard, to the effect that said lumber was to be delivered by Miller & Vidor Lumber Company to some common carrier, f. o. b. cars at Waukegan, Tex., but none of the common carriers which participated in its transportation had either actual or constructive notice of said agreement. The whereabouts of the consignee, E. B. Lombard, was unknown at the time this suit was brought. He has never paid Miller & Vidor Lumber Company anything on this lumber, nor has he been sued by said company for any sum growing out of the transactions above stated.

Defendant in error, on the facts above stated, sued to recover from plaintiff in error the sum of $733.01.

Plaintiff in error, defendant in the trial court, answered by general demurrer and general denial only.

The case was tried before the court without a jury, upon an agreed statement of facts, substantially as stated above, and thereupon the court rendered judgment in favor of the Atchison, Topeka & Santa Fé Railway Company against Miller & Vidor Lumber Company for the sum of $733.01.

Miller & Vidor Lumber Company has brought this case before this court by writ of error, and is insisting that the judgment of the trial court should be reversed and judgment here rendered for plaintiff in error, because, it says, the shipment of the lumber delivered by the defendant Miller & Vidor Lumber Company, to the Gulf, Colorado & Santa Fé Railway Company to be shipped to E. B. Lombard, to whom it had sold the same, upon a bill of lading, which showed that said Lombard was the consignee, and that said lumber was to be shipped to Chicago, Ill., "freight collect," and that such bill of lading was sufficient notice to said railway company that the lumber belonged to E. B. Lombard, and that said lumber company was acting as forwarding or shipping agent ·only for said Lombard, and that under such circumstances said lumber company was not, and is not now, liable to defendant in error for the unpaid freight, demurrage, storage, etc. We cannot sustain such contention. It is shown by the agreed statement of facts upon which this case was tried that the plaintiff in error delivered the lumber in question to the Gulf, Colorado & Santa Fé Railway Company at Waukegan, Tex., to be transported by it and its connecting carriers, one of which was the defendant in error, to Chicago, Ill., "freight collect," and there to be delivered to E. B. Lombard; that defendant in error became and is entitled to all freight charges, etc., due by reason of the shipment, storage, etc., of said lumber; that neither the Gulf, Colorado &

Santa Fé Railway Company, the initial carrier, the defendant in error, nor any other carrier handling said shipment, had any notice or knowledge of the terms of sale of said lumber to E. B. Lombard by plaintiff in error, or who was the owner thereof, either actual or constructive, beyond what the bill of lading imparted on its face. Ordinarily a carrier has a right to look for his compensation to the person who required· him to perform the service by causing the goods to be delivered to him for transportation, and that person is generally, of course, the consignor named in the bill of lading. The fact that the latter does not own the goods has been held immaterial, on the grounds that the carrier's contract and right to recover his freight cannot be made to depend on what may prove to be the legal effect of the negotiations between the consignor and the consignee on the title to the property which is the subject of transportation. Furthermore, even though there is a stipulation in a bill of lading providing that the consignee shall pay the freight, that does not, of itself, relieve the consignor, and a carrier is not bound at his peril to enforce the payment of freight· from the consignee. The usual clause in bills of lading that a shipment is to be delivered to the person named, or his assignees, "he or they paying freight," is only inserted as a recognition or assertion of the right of the carrier to retain the goods carried until his lien is satisfied by payment of the freight; it imposes no obligation on him to insist on payment before delivery of the goods. If he sees fit to waive his right of lien and to deliver the goods without payment of the freight, his right to resort to the shipper for compensation still remains. 4 R. C. L. § 310, p. 857.

In general the consignor with whom the contract of shipment is made is liable under the contract for the charges provided for therein. And this liability exists regardless of whether the consignee is the owner, and irrespective of the failure of the carrier to collect freight from the consignee. ' 6 Cyc. 500.

"Even though the bill of lading provides for delivery of the goods to the consignee on his paying freight, the consignor remains liable on the contract." Holt v. Westcott, 43 Me. 446, 69 Am. Dec. 74.

In the absence of special contract, a shipper of coal in carload lots to a consignee who declines to receive it is liable to the carrier for the freight, and also for demurrage accruing after he has notice of the consignee's refusal. Baltimore & Ohio Ry. Co. v. Luella Coal & Coke Co., 74 W. Va. 289, 81 S. E. 1044, 52 L. R. A. (N. S.) 398.

Where a common carrier waives prepayment, and the consignee refuses to take the goods and pay the transportation charges, and the carrier in strict conformity with law sells the goods to enforce its lien for charges, and there is still a balance due, the consign-

or is liable for it to the carrier. Jelks v. Pha. & R. Ry. Co., 14 Ga. App. 96, 80 S. E. 216.

It is admitted that the carrier in the case at bar in due time transported the lumber in question from the point of delivery to point of destination named in the bill of lading, and in all respects performed its part of the contract of shipment; that it tendered the shipment to the consignee at point of destination, and that said consignee refused to receive the same and pay the freight charges after due notice, and that the consignor was within a reasonable time thereafter notified of such refusal, and after the receipt of such notice it took no steps to pay said freight charges or to take charge of said lumber. It is also admitted that there is still due defendant in error a balance on charges for freight, demurrage, storage, etc., the sum sued for.

We think under the agreed facts that the Miller & Vidor Lumber Company is liable to the Atchison, Topeka & Santa Fé Railway Company for the sum sued for, and, so believing, we overrule all of the assignments of plaintiff in error.

The judgment of the court below is affirmed.

Affirmed.