12682.   SIPPLE *et al. v.* SEABOARD AIR-LINE RAILWAY COMPANY.

Free transportation, or lower rates for freight or demurrage than those fixed by the railroad commission, could not lawfully be agreed upon by the railroad company; and the company's refusal to deliver back to the consignor, without payment or tender of charges, a consigned article damaged in transportation and for that reason rejected by the con-

signee, would not amount to a conversion, although the company, because of such damage and a claim against it by the consignor for the value of the article, had agreed to return it free of charge.

DECIDED DECEMBER 14, 1921.

Action for damages; from city court of Savannah — Judge Freeman. June 29, 1921.

Certiorari was granted by the Supreme Court.

*McIntire, Walsh & Bernstein,* for plaintiffs.

*Anderson, Cann & Cann,* for defendant.

HILL, J. This is a suit for the recovery of a tractor alleged to have been converted by the defendant. The tractor was shipped over the defendant's railroad from Savannah to Vidalia, Ga. After some delay the tractor arrived at Vidalia in a damaged condition and was refused by the consignee. The consignor also refused to accept the tractor, and claimed as damages against the railway company the full value of the machine. After some negotiations between the consignor and the defendant an agreement was reached by which the defendant agreed to return the tractor to Savannah free of charge. When the tractor arrived in Savannah the defendant refused to deliver it to the consignor, except upon payment of the accumulated charges,— freight charges and demurrage charges. The plaintiff refused to pay any charges whatsoever. *Held*:

1. The railway company had the right to hold the shipment until payment or tender of the accrued charges, and the shipper cannot maintain trover for refusal to deliver the goods without such payment or tender. *L. & N. R. Co.* v. *Sou. Flour & Grain Co.,* 136 *Ga.* 538 (71 S. E. 884).

2. It is not within the power of a railroad company and a shipper to agree for a shipment to be carried at a less rate than that prescribed by the State railroad commission or to transport freight free. Civil Code (1910), § 2629; *Central of Ga. Ry. Co.* v. *Willingham,* 8 *Ga. App.* 817 (70 S. E. 199). Nor can any railroad company make any charge for storage of freight greater than that fixed by the commission for each particular storage, or discriminate, directly or indirectly, by means of rebate or any other device, in such charges between persons. Civil Code (1910), § 2651; *Jelks v. P. & R. Ry. Co.,* 14 *Ga. App.* 96 (80 S. E. 216); *Bewley-Darst Coal Co.* v. *W. & A. R. Co.,* 17 *Ga. App.* 464 (87 S. E. 702).

3.   The railway company had a right to demand, and it was its duty to collect, the charges prescribed by the railroad commission for freight on the shipment, as well as for demurrage, and its refusal to deliver the shipment until payment or tender of the charges did not amount to a conversion of the property; and a nonsuit was properly awarded.

*Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*