Don BARKER, Appellant,

v.

HONDO LIVESTOCK HAULING,
Appellee.

No. 1693.

Court of Civil Appeals of Texas,
Corpus Christi.

Feb. 26, 1981.

Mason Terry, Austin, for appellant.

Houston Munson, Gary Schroeder, Gonzales, for appellee.

OPINION

BISSETT, Justice.

This is an appeal by the defendant Don Barker, the buyer of 119 head of cattle, who was held to be jointly and severally liable, along with another defendant, Jerry Dale Glosson, the seller of the cattle, for hauling charges incurred by Hondo Livestock Hauling in hauling the cattle from Cheapside, in Gonzales County, to Creedmoor, in Travis County, a distance of less than 150 miles. Defendant Jerry Dale Glosson did not appeal from the judgment of the trial court. Defendant Barker did appeal. He contends that, under the facts adduced at the trial, he is not liable for the hauling charges as a matter of law. We agree.

Trial was to the court, sitting without a jury. In his "Findings of Fact," the trial judge, in substance, found:

(1) On or about November 9, 1978, the Defendant Barker on behalf of Triple D Ranch, Inc., a Texas corporation, purchased from Defendant Glosson 119 head of cattle.

(2) On or about January 9, 1979, the Defendant Glosson arranged through another common carrier, J & B Trucking, to have Plaintiff Hondo Livestock Hauling haul the cattle.

(3) There was no agreement or understanding between the Defendants prior to the hauling, concerning who would pay for the hauling charges.

(4) The total charged by Hondo Livestock Hauling for hauling the cattle amounted to $431.04, which the Defendants admitted to being reasonable.

(5) The Defendant Glosson, without the consent of the Defendant Barker, informed Hondo's driver that Triple D Ranch should be billed for the freight charges.

(6) Hondo is an intrastate carrier only, and is certified under a 150-mile radial certificate to do business in Texas.

(7) Hondo incurred $431.00 in attorney's fees in the prosecution of this claim, which the trial court found to be reasonable.

The trial judge concluded that the Defendants were jointly and severally liable for the debt claimed by the Plaintiff.

■ Hondo Livestock Hauling has failed to file a brief. Accordingly, we accept the facts as set out by the appellant Barker as correct, and adopt the findings of fact made by the trial court. Rule 419, T.R.C.P.

■ In the absence of some agreement to the contrary, only the consignor (seller of the goods) is liable for the freight charge incurred in an intrastate shipment of goods. *Texas & N. O. R. Co. v. East Texas Gravel Co.*, 175 S.W.2d 435, 436 (Tex.Civ.App.—Dallas 1943, writ dism'd); *Miller & Vidor Lumber Co. v. Atchison, T. & S. F. Ry. Co.*, 192 S.W. 354 (Tex.Civ.App.—Galveston 1917 no writ); *Keeling & Field v. Walter Connally & Co.*, 157 S.W. 232 (Tex.Civ.App.—Texarkana 1913, no writ). See also, Tex. Bus. & Comm.Code §§ 2.311(b), 2.401 (1968). In the case at bar, the defendant Glosson was the seller of the goods. There was no agreement or understanding between the parties as to whether Glosson or Barker would pay the hauling charges. In that state of the record, Glosson is solely liable for such charges. Counsel for both Barker and for Hondo Livestock Hauling have advised this Court that all of the hauling charges have been paid to Hondo Livestock Hauling by the defendant Glosson.

The first point of error of the appellant Barker is sustained. Therefore, we need not reach the remaining points. The portion of the judgment of the trial court which imposed liability upon the appellant Barker is REVERSED, and judgment is here RENDERED that Hondo Livestock Hauling recover nothing in its action against Don Barker.