TROWBRIDGE *et al. vs.* THE STATE OF GEORGIA.

74 431
104 551
74 431
f106 119
74 431
116 609

1. Where an indictment charged an assault with intent to murder by using a weapon likely to produce death, but did not charge any beating or wounding, and the jury found the defendant guilty of assault and battery, if no objection was made to the verdict when it was returned into court, for want of allegations in the indictment to support it, and no motion was made to arrest the judgment for this reason, and a new trial was not applied for on this specific ground, a reversal will not be granted by this court, on the general ground that the verdict is contrary to law.

(*a.*) If the point had been raised at the proper time and in the proper manner, *semble* that it would not have been sustained, but that the verdict would have been good, on the ground that the greater offense includes the less.

2. Where two defendants, jointly indicted, elected to be tried jointly, and made no reservation of the right to testify for each other, as though they had severed and were tried separately, there was no error in refusing to allow the wife of one of the defendants to testify in favor of the other defendant then on trial.

3. After having been elected to be tried jointly, and after evidence had been heard on the trial, it was then too late for either of the defendants to demand a severance, and to insist upon the right to be tried severally.

4. The evidence being conflicting as to the weapon used, the jury could believe the prosecutor in preference to the witness for the defendants.

(*a.*) It is not indispensable to prove the precise weapon set forth in the indictment. It is sufficient if both were weapons likely to produce death, and were capable of inflicting the same character of injury.

5. There was no error in the charges excepted to, and the finding of the jury was extremely merciful to these defendants.

March 10, 1885.

Criminal Law. Assault with Intent to Murder. Assault and Battery. Practice in Supreme Court. Practice in Superior Court. Before Judge RONEY. Richmond Superior Court. April Term, 1884.

To the report contained in the decision, it is only necessary to add that the indictment charged the defendants with assault with intent to murder by using "an ax, a

weapon likely to produce death." There was also a count charging one of them with being an accessory before the fact. The prosecutor testified that he was struck with an ax. One of the defendants claimed that it was done with a rock. Both defendants claimed that their conduct was justifiable, and that the prosecutor was not struck until he had turned, when one of the defendants was following him, and threatened to kill the latter. The evidence was somewhat conflicting. The jury found defendants guilty of assault and battery. The court sentenced one of them to pay a fine of $500.00, or to be imprisoned twelve months, and the other to pay a fine of $250.00, or to be imprisoned six months. Defendants moved for a new trial on numerous grounds, the substance of which sufficiently appears from the decision, where they are considered. The motion was overruled, and they excepted.

J. S. & W. T. DAVIDSON, for plaintiffs in error.

BOYKIN WRIGHT, solicitor general, for the state.

HALL, Justice.

The defendants were tried for assault with intent to murder, and found guilty of assault and battery. The indictment set forth a felonious assault with a weapon likely to produce death, but charged no beating or wounding. No objection was made to the verdict when it was returned into court, because there was no allegation in the indictment to support the verdict for the battery. No motion was made to arrest the judgment for this reason, nor was a new trial applied for on this specific ground. The first ground of the motion for a new trial complains that " the verdict is contrary to law."

1. In view of certain rulings of this court, wherever an injury has been inflicted on the person in connection with such an assault, it would be the safer course to charge it in the indictment, because it would, in every instance of a

conviction of the lower offense of assault and battery, save the necessity of considering such points as that made in this instance. In *Clarke's* case, 12 *Ga.*, 350, it was held generally that when the beating was alleged, the jury might return a verdict for assault and battery on an indictment for assault with intent to murder. So also in *Bard's* case, 55 *Id.*, 319, where striking and wounding was charged. But neither of these cases, nor others following them, cover the precise point made here; each is determined upon the facts shown in the record. On the other hand, in *Johnson's* case, 14 *Id.*, 55, 59, it was held "to be a sound as well as universal rule in criminal pleading, that whenever the defendant is charged with the major offense, and the evidence does not support it, the jury may convict of any minor offense which is included in the major, and to which the testimony applies, upon the familiar maxim that *omne majus in se continet minus.* If the party comes prepared to defend himself against the greater, of course his proof must apply to the less." So in *Wood's* case, 48 *Id.*, 192, under an indictment for seduction, it was held competent for the jury to find the defendant guilty of adultery, or adultery and fornication, if the proof would justify it. Seduction was the higher offense and necessarily included the other, and it was error in the judge, on the written request of defendant's counsel, to refuse to point out to the jury in his charge the difference between these offenses.

The principle of these cases is virtually embodied in section 4675 of the Code, which provides that, upon the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but guilty of an attempt to commit such an offense, without any special count in said indictment for such attempt, provided the evidence before them will warrant such finding.

From this reasoning, it seems doubtful whether this exception to the verdict, if taken at the proper time and made in the proper manner, would have been good, either

on a motion for a new trial or in arrest of judgment. The indictment is in the terms and language of the Code, and the offense is so plainly stated that its nature could be easily understood, not only by the jury, but by the accused themselves (Code, §4625), who were put on notice to come prepared to defend against the greater offense, and consequently to respond with their proof to the less offense included in the major. Take in connection with this the explicit requirement that " no motion in arrest of judgment shall be sustained for any matter not affecting the real merits of the offense charged in the indictment" (*Id.*, §4729), and the further requirement that the bill of exceptions " shall specify plainly the decision complained of and the alleged error " (*Id.*, §4252), and it seems to us that this writ of error rests upon no legal ground, and that we should be going quite too far to adjudicate a point which from the record does not appear to have been passed upon by the lower court. Besides, verdicts are to have a reasonable intendment, and must receive such a construction as will prevent their being avoided except from necessity. Code, §3561.

2. There was no error in refusing to allow the wife of one of the defendants to testify in favor of the other defendant then on trial, they having elected to be tried jointly and made no reservation of the right to testify for each other, as though they had severed and were tried separately. Code, §§4692, 3854, sub-sec. 4.

3. After having elected to be tried jointly, and after evidence had been heard on the trial, it was then too late to demand for either of the defendants a severance and to insist upon the right to be tried severally. This follows from the words of the statute conferring the privilege. Code, §4692, and 10 Ind. R., 140, which is directly in point.

4. The prosecutor proved that the assault was made with the weapon charged in the indictment, and although the defendants proved that it was made with a different

weapon, this only brought about a conflict of evidence, and the jury had a right to believe the prosecutor instead of the defendants' witnesses. At best it is not indispensable to prove the precise weapon set forth in the indictment; it is sufficient if both were weapons likely to produce death, and were capable of inflicting the same character of injury. 2 Bish. Crim. Procedure, §§514, 659 and citations.

5. The other grounds of this motion for a new trial were not seriously urged before this court, and had they been, they would have been unavailing. There was no error in the charges excepted to, and under all the facts disclosed on this trial, the finding of the jury was extremely merciful to these defendants, who were indeed most fortunate in escaping conviction of the grave offense charged in the indictment. We have no power to interfere with the sen·tence imposed upon the defendants, and had we that power, we would not condemn it either for excess or severity. If this was not a case of assault with intent to murder, it was at least a most violent and aggravated case of assault and battery.

Judgment affirmed.