YARBOROUGH v. THE STATE.

1. The husband is head of the house though the ownership be in the wife. Where both reside together in a house belonging to her, it may be described as his house in an indictment for burglary.
2. To declare the law applicable to a given state of facts, is no expression or intimation of opinion as to whether any of the facts referred to do or do not exist in the case on trial.
3. Where both burglary and larceny from the house are charged in the indictment, a general verdict of guilty convicts the accused of burglary, and whether the larceny be proved or not is immaterial.
December 23, 1890.

Burglary. Indictment. Criminal law. Charge of court. Larceny from the house. Husband and wife. Before Judge MILNER. Bartow superior court. July term, 1890.

Reported in the decision.

J. A. BAKER, by brief, for plaintiff in error.
A. W. FITE, solicitor-general, *contra.*

Bleckley, Chief Justice.

The indictment charged both burglary and larceny from the house. The house was alleged to be the dwelling-house of B. T. Leake, and the breaking and entering were charged to be with intent to steal the goods and chattels of said B. T. Leake. The indictment then proceeded to allege a felonious stealing from the house of a locket of the value of $10, the property of Mattie Leake. The verdict was a general finding of guilty.

1. The evidence as to the ownership of the house was that: "B. T. Leake has everything in his wife's name. His wife claimed the house as her own, but they both lived in it together, and the witness, their daughter, did not know whether her father claimed it or not." The court charged the jury on this subject as follows: "On the question of ownership, the court will charge you that if the proof in this case shows that B. T. Leake occupied this house, lived in it with his wife and family, at the time of the commission of this offence charged in the indictment, then that is sufficient to support the charge of burglary. You look to the proof and see how that was, see whether or not he occupied the premises, whether he lived on the premises. It is not material whether he held under Mrs. Leake or any one else; if he occupied the premises and was in possession of the premises, it was such ownership as would protect him from burglary." The court refused to charge a written request presented by the counsel for the accused as follows: "If B. T. Leake occupied the house mentioned in the bill of indictment not in his own right, but in the right of another and so claimed, and that other also, at the same time, occupied the house, then that would not be such proof of ownership as would support this bill of indictment." We think there is no doubt that when a married man occupies a dwelling-house with his family, he,

being the head of the family, is considered by the law as having such ownership and possession as to make the house his for all purposes connected with an indictment for burglary. It matters not whether he holds under his wife or some other person. *Harrison* v. *The State,* 74 *Ga.* 802. It may be also that the property in the house could be laid in the wife, she being the actual owner. *Goode* v. *The State,* 70 *Ga.* 755. We see no reason why premises occupied jointly by landlord and tenant might not be charged to be the property of either. However, where husband and wife reside together, whatever else she may be the head of, he is the head of the house. *Morgan* v. *The State,* 63 *Ga.* 307; *Primrose* v. *Browning,* 59 *Ga.* 71; *Neal* v. *Perkerson,* 61 *Ga.* 354; Code, §1753.

2. It is contended that the court expressed or intiated an opinion upon the facts in the charge which we have quoted above. But this seems to us a strained construction. To say that such and such an ownership would protect against burglary, does not imply any opinion in the speaker that a burglary has been committed. No proposition of law can be laid down without some implication of a state of facts as by possibility existing; and merely to declare the law respecting any state of facts whatever is to express an opinion irrespective of the actual existence of such facts in the given instance.

3. As the conviction was for burglary, the higher crime charged, it matters not whether the alleged larceny was proved or not. *Bulloch* v. *The State,* 10 *Ga.* 48. It follows that the criticism that the property stolen is described as a locket in the indictment and called a necklace in the evidence, has no materiality. But the truth is that the evidence describes it by both names, the witness saying she left a gold necklace on the bureau, that she laid that locket "on there" that

night when she retired, and missed that locket the next day, etc.

There was no error in refusing a new trial, and the sentence of five years in the penitentiary was not excessive.                                    *Judgment affirmed.*