## 8941.　WATSON *v.* THE STATE.

The indictment alleged that the murder was committed by hitting and striking the deceased on the head with a certain soda-water bottle. The trial judge charged the jury that if it should appear that the killing was done, not with a soda-water bottle, but with another instrument, of similar nature,—a blunt instrument, which would inflict a wound of the same character as might have been inflicted with a soda-water bottle, then the averment in the indictment would be sufficiently proved, and they would be authorized to convict. The motion for a new trial complained of this instruction and of other parts of the charge, and the refusal of certain requests to charge, all of which present the same question. *Held,* that the charge of the court was not erroneous; and, no error of law being committed, and the verdict of voluntary manslaughter being authorized by the evidence, the trial judge did not err in overruling the motion for a new trial.

DECIDED JANUARY 22, 1918.

Conviction of manslaughter; from Barrow superior court— Judge Cobb.    May 15, 1917.

John Watson was indicted for murder and was convicted of voluntary manslaughter.    The indictment alleged that the murder was committed "by hitting and striking said Jim Mahaffey with a certain soda-water bottle on the head."    In the defendant's motion for a new trial it was alleged (in addition to the general grounds) that the court erred in charging the jury as follows: "It is incumbent upon the State in the trial of a criminal case to prove to the satisfaction of the jury, beyond a reasonable doubt, all of the material averments in the bill of indictment.    If an indictment in a case of murder alleges the weapon to be of a certain character, then the evidence must satisfy the jury, beyond a reasonable doubt, that the killing was done with the weapon alleged in the indictment, or a weapon of similar nature.    If you believe from the evidence, beyond a reasonable doubt, that the killing was done in the present case with a soda-water bottle, and also believe that the other material parts of the indictment have been proved to your satisfaction beyond a reasonable doubt, the State would have carried the burden which rested upon it.    And if it should appear to you that the killing was done, not with a soda water bottle, but with another instrument, of similar nature,—a blunt instrument, which would inflict a wound of the same character of wound that might have been inflicted with a soda-water bottle,—if you believe this beyond a reasonable doubt, then that averment in the indictment would be sufficiently proved.    If, however, you believe from the evidenc in the case and all the circumstances in the case, taking into consideration the defendant's statement, that the killing was not done with a soda-water bottle and not done with an instrument of like nature of a soda-water bottle, or you have any doubt on your mind as to whether it was done with a similar instrument, or similar weapon, then you should give the defendant the benefit of the doubt and find in his favor on this allegation of the indictment, which would be a material averment in the indictment, or if you have a reasonable doubt as to any of the material allegations in the indictment, give the defendant the benefit of the doubt and find a verdict of not guilty."    It is alleged also that the judge erred in refusing to charge as follows: "If you believe from the evidence, when considered in connection

with the defendant's statement in this case, that the defendant struck the deceased with a brick, and you believe from the evidence that this was the mortal blow, and that it was from the effect of this blow with a brick that the deceased died, you would not be authorized to find the defendant guilty in this case." It is further alleged that the court erred in refusing to charge as follows: "Every allegation in the indictment must be proven beyond a reasonable doubt. Hence, if there is a reasonable doubt resting on your minds as to which of two instruments (if the evidence in this case shows the use of two instruments) caused the death of the deceased, it would be your duty to give the defendant the benefit of the doubt as to which of the two instruments inflicted the mortal wound."

*Lewis C. Russell,* for plaintiff in error.

*W. O. Dean, solicitor-general,* contra.

HARWELL, J. (After stating the foregoing facts.) The evidence for the State disclosed that the homicide was committed with a soda-water bottle, and the evidence for the accused tended to the theory that there was a second altercation, and that the fatal blow was made with a brick. The special ground of the motion for a new trial, which complains of certain excerpts from the court's charge and of the refusal to charge as requested, make practically one question, and that is, did the learned trial judge err in charging that "if it should appear that the killing was done, not with a soda-water bottle, but with another instrument, of similar nature,—a blunt instrument, which would produce a wound of the same character that might have been inflicted with a soda-water bottle," a conviction could be sustained, under the allegations of this indictment; or, in other words, there would be no fatal variance between the allegations and the proof? The able counsel for the defendant earnestly insists that there would be a fatal variance, that the State, having alleged that the instrument was a soda-water bottle, would be held to proof of that, but he cites no Georgia case directly sustaining that contention.

The case nearest in point in this State, and in fact the only one so far as we have been able to find, is that of *Trowbridge* v. *State,* 74 *Ga.* 431. That was an indictment charging assault with intent to murder by using "an axe, a weapon likely to produce death." The prosecutor testified that he was struck with an axe.

One of th : defendants claimed that it was done with a rock. The defendants were convicted of assault and battery, and moved for a new trial on numerous grounds, the substance of which is stated in the opinion. The court said: "The prosecutor proved that the assault was made with the weapon charged in the indictment, and although the defendants proved that it was made with a different weapon, this only brought about a conflict of evidence, and the jury had a right to believe the prosecutor instead of the defendant's witnesses. At best it is not indispensable to prove the precise weapon set forth in the indictment; it is sufficient if both were weapons likely to produce death, and were capable of inflicting the same character of injury. 2 Bish. Crim. Procedure, §§ 514, 659 and citations." That decision has never been overruled, doubted, or criticised, so far as we can find, and is, we think, controlling upon the question raised in the instant case. If it be said that the question was not distinctly made there and that the statements in the opinion are obiter, it is nevertheless, as an expression from the Supreme Court, so persuasive as to justify our acceptance of it as the law until otherwise decided. This opinion by Mr. Justice Hall in the *Trowbridge* case, supra, seems to be almost unanimously upheld by the courts of other States and by the text-book writers who have written anything on the subject. Upon examination of the decisions cited they sustain the texts. .

"Where the instrument of death alleged and that proved are substantially of the same character, capable of inflicting practically the same nature of injury in substantially the same manner, there is no variance. The question in each case is whether the nature and character of the injury and the manner and means of inflicting it as proved are practically and substantially, though not identically, the same as that alleged." 11 Standard Enc. Proc. 594, 595, citing cases sustaining the text, from Alabama, Illinois, Indian Territory, Kentucky, Maine, Massachusetts, Mississippi, Nebraska, New Hampshire, New Jersey, North Carolina, Oklahoma, Tennessee, Texas, and Washington. Knife and razor similar. May *v.* State, 110 Ark. 432 (162 S. W. 43). See also Elliott *v.* State, 4 Okla. Cr. 224 (111 Pac. 820, 140 Am. St. R. 683); Hernandez *v.* State, 32 Tex. Cr. 271 (22 S. W. 972). "It is the received doctrine that in homicide cases, where the indictment alleges the killing was done with a gun, proof can be made under .

such allegation that the killing was done with any firearm." Taylor v. State, 44 Tex. Cr. 547 (72 S. W. 396), and other States. Piece of plank alleged, piece of iron proved; variance not necessarily fatal. State v. Weddington, 103 N. C. 364 (9 S. E. 577).

In the case of State v. Gould, 90 N. C. 666, in which it was contended that there was a variance between the instrument with which the mortal wound was inflicted and the one charged in the bill of indictment, the court said: "The bill charges that the wound was given with a rock, and the proof rather tended to show that it was inflicted with a stick. It can make no difference whether the deceased was struck with a rock or a stick. For it is held that where the instrument of death laid in the indictment and that proved are of the same nature and character, and the method of the operation is the same, though the instrument is different, there is no variance."

In Jones v. State, 137 Ala. 12 (34 So. 681), it was held: "Under an indictment which charges that the defendant killed the deceased by cutting him with a knife or by stabbing him with a knife, a conviction may be had if it be proved that some other instrument was employed which occasioned a wound of the same kind as the instrument charged; and a charge which so instructs the jury asserts a correct proposition of law and is free from error." "On a trial under an indictment for murder, which charges that the deceased was killed by being stabbed with a knife, a charge is erroneous and properly refused which instructs the jury that 'Unless the evidence shows to the minds of the jury beyond all reasonable doubt that the deceased came to his death by being stabbed with a knife, or cut with a knife, then you can not find the defendant guilty.'"

In Hull v. State, 79 Ala. 33, the Supreme Court said: "The indictment charges that the assault was made with a razor. There was evidence tending to show that the wound was inflicted with a pocket-knife. The court, in the general charge, instructed the jury, in substance, that it was immaterial whether the assault was made with a razor or a pocket-knife; and refused to charge, at the request of defendant, that if the jury had a reasonable doubt as to the assault being made with a razor, they must acquit the defendant. It is sufficient, if the substance of the charge be proved, without regard to the precise instrument used. Though the indictment charges a particular weapon, the averment is substantially proved,

if it be shown that some other instrument was employed, which occasions a wound of the same kind as the instrument charged, and the same consequences naturally follow." This view is sustained by the following quotations from text-books: "The State is not in any case held to strict proof of the weapon alleged." 21 Cyc. 846, citing Rodgers *v*. State, 50 Ala. 102. "If a person be indicted for one species of killing, as by poisoning, he can not be convicted by evidence of a totally different species of death, as by shooting with a pistol, or starving. But where they only differ in circumstance, as if a wound be alleged to be given with a *sword*, and it proves to have arisen from a *staff, an ax*, or a *hatchet*, this difference is immaterial." 2 Blackstone, 196. "The proofs need sustain only the substance of the issues. . Thus, if at the trial the weapon disclosed is not the same as charged, yet it produced the same sort of wound, followed by the same sort of death, the averment is sustained; as 'if a wound or bruise be alleged to be given with a sword, and it prove to be with a staff or axe; or charged to be with a wooden stick and a stone is proven, the seeming variance is immaterial. So it is also where one kind of poison is averred and another proved." 2 Bishop's New Cr. Pr. 222, § 514 (4). "Since the substance of the issue only must be proved, a charge of assault with a 'basket knife' will be sustained by evidence of an assault with a basket iron, because the two weapons produce like injuries, which is the test as to variance." Id. 659, citing 11 N. H. 271 (35 Am. D. 495) ; Com. *v*. Walsh, 132 Mass. 8. "The proof of the means of commission of a homicide or assault need not conform strictly to the averment of such means in the indictment, provided the means of death or mode of applying the violence be the same in kind and agree in substance with those charged. As to the allegation of the instrument by which death is inflicted, or the assault committed, there is no variance where the proof shows that another instrument than that alleged was used, where it was of a similar nature and caused the same character of wound or injury. The question in each case is whether the nature and character of the injury and the manner and means of inflicting it as proved is practically and substantially, though not identically, the same as that alleged. Thus evidence as to a dagger, sword, bayonet, hatchet, or other cutting instrument, has been held to support the averment of a knife, striking with a stick,

club, metal bar, or pistol an allegation of striking with a rock; striking with a piece of iron an allegation of striking with a piece of plank; shooting with a pistol, shot-gun, rifle, musket, or any kindred weapon, an allegation of killing or assaulting with a gun; shooting with a gun an allegation of shooting with a pistol, and strangling with a scarf or cord, an averment of strangling or choking with the hands. Under an indictment charging the defendant with causing the death of the deceased by beating with a stick and whip, proof of beating by other similar instruments is admissible." 1 Michie on Homicide, 559-561, citing numerous cases from many States. "The proof need not conform in all particulars with the allegations of the indictment as to the means causing the death. It will be sufficient if the mode of death proved agree in substance with that charged, although the weapon or instrument used be other than that averred. Where it is alleged in the indictment that a particular weapon was used, it is not permissible to prove that a weapon entirely different in its character was the cause of the death." 10 Enc. Pl. & Pr. 128, 129. · "The substance of homicide being the felonious killing, proof of a killing, in any manner or by any means that corresponds substantially with the indictment, is sufficient. All the details of the offense need not be proved precisely as alleged. Proof of a shooting with a pistol will sustain an averment of shooting with a gun and vice versa, and proof of killing with a dagger or bowie-knife will sustain an averment of death from stabbing with a dirk, sword, or similar weapon." Underhill on Crim. Ev. 548, § 314. "The law always has been fairly liberal to the prosecution so far as the question of variance between the instrument of death alleged and that proved is concerned; and where the instrument laid and that proved are substantially of the same character, capable of inflicting practically the same nature of injury in substantially the same manner, there is no variance. The question in each case is whether the nature and character of the injury and the manner and means of inflicting it as proved, are practically and substantially, though not identically, the same as that alleged." 13 R. C. L. 902, § 207. See also Russell on Crimes (8th Am. ed.) 557; 1 Gr. Ev. (2d ed.), § 140.

The writer has not overlooked the case of *Fulford* v. *State,* 50 *Ga.* 591, cited and relied on by the able counsel for the plaintiff in

.error. We can not agree with him that the decision in the *Fulford* case is authority for or sustains his contention. We are aware that the strict rule requiring that the proof shall conform to the pleadings has been applied to the description of stolen property in larceny cases (see *Crenshaw* v. *State,* 64 *Ga.* 449), and that the same is true of certain averments in the description of other offenses, such as forgery, burglary, and perjury. It will be found that the writers on criminal law who have applied a strict rule in making the allegata and probata conform in certain offenses are those who have laid down the more liberal rule charged by the trial judge in the instant case, touching the proof of the weapon in a murder case. See the authorities already cited. Perhaps the reason for adopting the rule which these authorities very clearly state was that it was considered that the important thing to be given in the indictment or information was the condition of the body of the slain man, that is, the character of wound found thereon. This would be such information as would naturally be in the possession of the State. The knowledge of the precise weapon with which the wound was made would be in the possession of the slayer. The naming of some weapon is made, not primarily to describe the weapon, but to describe the character of the wound. The charge that the defendant did cut the deceased with a knife is in effect a charge that he cut the deceased, and that the kind of wound inflicted on the body of the deceased was such a wound as a knife would make. In other words, that part of the indictment or information is simply descriptive of the character of the injury inflicted. For that reason it is a substantial compliance to show that the wound was made with a weapon which would inflict the same character of injury as that alleged in the indictment. The rule has its limitation; the proof must show a similar weapon to that alleged, i. e. one producing the same character of injury. Whatever may be the reason for the rule, it is, in the opinion of the writer, one founded on common sense. At least it is hoary with age, and it is sufficient to say, ita lex scripta est.

In our opinion the trial judge did not err for any of the reasons complained of in the motion for a new trial. The verdict was authorized by the evidence, and the judgment overruling the motion is     *Affirmed. Broyles, P. J., and Bloodworth, J., concur.*