## 9818. BURNEY *v.* THE STATE.

1. As to the weapon used in committing the crime, an indictment for the offense of shooting at another, in which the weapon is described as a "shotgun," is supported by proof that the crime was committed with a rifle.

(a) It is not cause for a new trial that the judge, in overruling a motion to exclude such evidence, remarked, in the presence of the jury, that "a rifle is a shotgun."

2. The court is not required to charge the jury on a theory of defense arising solely from the prisoner's statement at the trial, where there is no request so to charge.

3, 4. Failure to give other instructions, not requested, in connection with correct instructions given to the jury, is no ground for exception to those given. In view of the entire charge and the facts of the case, there was no error in refusing to charge or in charging as complained of in the motion for a new trial.

5. The evidence authorized the verdict.

DECIDED OCTOBER 8, 1918.

Indictment for shooting at another; from Laurens superior court —Judge Kent. May 7, 1918.

*W. H. Dampier,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.

BLOODWORTH, J. 1. The 4th and 5th grounds of the motion for new trial will be considered together. The 4th ground alleges error in allowing the prosecutor to testify that the accused shot at him "with a little 22 rifle," when the indictment charges that the weapon used was a "shotgun." The 5th ground complains that the trial judge expressed an opinion on the facts to the jury when

the above-referred-to evidence was objected to, by saying, "Go ahead, a rifle is a shotgun." Had these propositions been submitted to the writer a few months ago, he would have ruled that both objections were good, basing his ruling upon the general proposition that the material allegations in the indictment must be proved as alleged. However, he yields to authority and must now hold differently, for the question seems settled by the decisions of this court and our Supreme Court. In the case of *Watson* v. *State*, 21 *Ga. App.* 637 (94 S. E. 857), the indictment charged that the alleged murder was committed by hitting and striking with a certain soda-water bottle. There was proof from witnesses for the defendant that the homicide was committed with a brick. Judge Cobb charged the jury: "If it should appear to you that the killing was done, not with a soda-water bottle, but with another instrument, of similar nature—a blunt instrument, which would inflict a wound of the same character of wound that might have been inflicted with a soda-water bottle,—if you believe this beyond a reasonable doubt, then that averment in the indictment would be sufficiently proved." This court held that the charge given was not error. To this opinion the writer was reluctant to agree, but finally did so on account of the cases cited by Judge Harwell in his opinion, and especially on account of the decision in the case of *Trowbridge* v. *State*, 74 *Ga.* 431, in which our Supreme Court said: "It is not indispensable to prove the precise weapon set forth in the indictment; it is sufficient if both were weapons likely to produce death, and were capable of inflicting the same character of injury."

It now seems settled that the rule in Georgia is: "The proof of the means of commission of a homicide or assault need not conform strictly to the averment of such means in the indictment, provided the means of death or mode of applying the violence be the same in kind and agree in substance with those charged. As to the allegation of the instrument by which death is inflicted, or the assault committed, there is no variance where the proof shows that another instrument than that alleged was used, and where it was of a similar nature and caused the same character of wound or injury. The question in each case is whether the nature and character of the injury and the manner and means of inflicting it as proved is practically and substantially, though not identically, the same as that alleged. Thus evidence as to a dagger, sword, bayonet, hatchet, or

other cutting instrument, has been held to support the averment of a knife; striking with a stick, club, metal bar, or pistol an allegation of striking with a rock; striking with a piece of iron an allegation of striking with a piece of plank; shooting with a pistol, shotgun, rifle, musket, or any kindred weapon, an allegation of killing or assaulting with a gun; shooting with a gun an allegation of shooting with a pistol, and strangling with a scarf or cord an averment of strangling or choking with the hands. Under an indictment charging the defendant with causing the death of the deceased by beating with a stick and whip, proof of beating with other similar instruments is admissible." See opinion of Judge Harwell and cases cited in the *Watson* case, supra. In *Hill* v. *State,* 147 *Ga.* 650 (94 S. E. 213), our Supreme Court said "An indictment for murder charged that the accused shot and killed the named decedent 'with a certain gun' which the accused then and there held. On the trial it appeared that the accused committed the homicide by shooting the decedent with a pistol. *Held,* that it was not cause for a new trial that the court told the jury that a pistol is a gun. State *v.* Barrington, 198 Mo. 23 (95 S. W. 235)." Under the above rulings there is no merit in the 4th and 5th grounds of the motion for a new trial.

2. The 6th ground of the motion for a new trial is based upon the failure of the court to charge the jury on "one of the theories of defense." This "theory" was based solely upon the statement of the defendant. "The court is not required to charge upon a theory of defense arising solely from the statement of the accused, in the absence of a timely written request so to charge. *Hardin* v. *State,* 107 *Ga.* 718 (33 S. E. 700); *Baker* v. *State,* 111 *Ga.* 141 (36 S. E. 607); *Gay* v. *State,* 111 *Ga.* 649 (36 S. E. 857); *Richards* v. *State,* 114 *Ga.* 834 (40 S. E. 1001); *Smith* v. *State,* 117 *Ga.* 259 (43 S. E. 703); *Johnson* v. *State,* 4 *Ga. App.* 59 (60 S. E. 813)." *Lott* v. *State,* 18 *Ga. App.* 747 (90 S. E. 727). The general principle stated in this quotation is applicable also to the 7th ground of the motion.

3. In view of the entire charge of the court and the facts of the case, there was no error in failing to charge as complained of in the 8th ground of the motion, and none in refusing to charge as complained of in the 9th ground thereof.

4. "Where a correct charge is given, it affords no ground of

attack upon the charge itself that the court failed to give, in con-nection therewith, some other principle or proposition of law. *Cline* v. *Milledgeville Banking Co.,* 131 *Ga.* 611 (62 S. E. 984); *Seaboard Air-Line Ry.* v. *Randolph,* 136 *Ga.* 505 (71 S. E. 887)." *Hicks* v. *State,* 146 *Ga.* 221, 226 (91 S. E. 57). If a fuller charge was desired, a timely and appropriate written request should have been presented.

5. The evidence is ample to support the verdict.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*