## 10276. DENSLEY *v.* THE STATE.

STEPHENS, J. 1. The charge of the court is not subject to the objection that it stated unfairly to the defendant the State's theory of the homicide, or that it was unintelligible or confusing to the jury.

2. The excerpts from the charge of the court excepted to cannot be construed as containing any expression or intimation of opinion on the facts. "To declare the law applicable to a given state of facts is no expression or intimation of opinion as to whether any of the facts referred to do or do not exist in the case on trial." *Yarborough* v. *State,* 86 *Ga.* 396 (12 S. E. 650).

3. There being evidence of an actual assault by the person killed upon the person killing, voluntary manslaughter was an issue in the case, and the law relative thereto was properly given in charge to the jury.

4. Neither involuntary manslaughter nor accidental homicide having been put in issue by the evidence, or the evidence taken in connection with the defendant's statement, it was not error, in the absence of a timely written request, for the trial judge to fail to give in charge the law relative to involuntary manslaughter or accidental homicide.

5. The other assignments of error are without merit, and the evidence supports the verdict.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED JULY 28, 1919. REHEARING DENIED SEPTEMBER 18, 1919.

Conviction of involuntary manslaughter; from Lowndes superior court—Judge Thomas. October 26, 1918.

*Bennet & Harrell, Whitaker & Dukes,* for plaintiff **in error.**

*Clifford E. Hay, solicitor-general,* contra.