### 28621. MEALER *v.* THE STATE.

DECIDED JANUARY 22, 1941.

*Joe M. Lang,* for plaintiff in error.

*J. H. Paschall,* solicitor-general, contra.

BROYLES, C. J. The accused was convicted on an indictment which charged that he, on December 10, 1939, in Gordon County, Georgia, did unlawfully operate "a certain model-A Ford automobile (1929-year model) along Calhoun and Redbud Road, over the center of said road, not giving half the travelled roading, and while so operating said car did run same against a certain model-A Ford automobile of Bill Nicholson, and did not give said Bill Nicholson a fair chance to pass, and did inflict on Bill Nicholson and Mrs. Bill Nicholson bodily injuries to the grand jurors unknown, contrary to the laws of said State." No demurrer to the indictment was filed.

The evidence disclosed that the automobile which the defendant was operating was a "1928 model-A Ford," instead of a "1929 model-A Ford," as charged in the indictment; and counsel for the accused contends that there was a variance between the allegations of the indictment and the proof. There is no merit in the contention. In *Watson* v. *State,* 21 *Ga. App.* 637 (94 S. E. 857), where the accused was convicted of voluntary manslaughter, the indictment charged that the homicide was committed by hitting

the deceased "with a certain soda-water bottle on the head." On the trial, that allegation was supported by the evidence for the State, while the evidence for the accused tended to show that the fatal blow was made with a brick. The court charged the jury that "if it should appear that the killing was done, not with a soda-water bottle, but with another instrument, of similar nature,— a blunt instrument, which would inflict a wound of the same character that might have been inflicted with a soda-water bottle," the conviction of the accused would be authorized under the allegations of the indictment. That charge was excepted to on the ground that it was contrary to law in that the difference between the allegations of the indictment and the proof amounted to a fatal variance, but this court held that the assignment of error was without merit and cited many authorities to sustain the holding. One citation was Hull v. State, 79 Ala. 33, where the court said: "The indictment charges that the assault was made with a razor. There was evidence tending to show that the wound was inflicted with a pocketknife. The court, in the general charge, instructed the jury, in substance, that it was immaterial whether the assault was made with a razor or a pocketknife; and refused to charge, at the request of defendant, that if the jury had a reasonable doubt as to the assault being made with a razor, they must acquit the defendant. It is sufficient, if the substance of the charge be proved, without regard to the precise instrument used. Though the indictment charges a particular weapon, the averment is substantially proved, if it be shown that some other instrument was employed, which occasions a wound of the same kind as the instrument charged, and the same consequences naturally follow."

The cases cited in behalf of the accused are differentiated by their particular facts from this case. The verdict was authorized by the evidence; and the refusal to grant a new trial (the motion being based on the general grounds only) was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*