## 32449. HABERSHAM *v.* THE STATE.

Decided May 13, 1949.

*M. C. Barwick*, for plaintiff in error.
*W. H. Lanier, Solicitor-General*, contra.

Townsend, J. The plaintiff in error, Allen Habersham, herein referred to as the defendant, was tried for murder and convicted, in the Superior Court of Jefferson County, of involuntary manslaughter and sentenced to serve from one to two years in the penitentiary. He filed a motion for a new trial on the general grounds, which was later amended by adding 6 special grounds. The trial judge overruled his motion for a new trial as amended, and this judgment is assigned as error.

One of the special grounds of the amended motion for a new trial contends that the court erred—after having charged the jury to find the defendant guilty or involuntary manslaughter if they should believe that the defendant killed the deceased without intention to do so while engaged in the commission of. an unlawful act—in continuing to charge the jury as follows: "If the defendant unlawfully struck him [deceased] with his fist or committed an unjustifiable battery on the deceased, and that such act contributed to the death of the deceased, and that the death would not have resulted but for such unlawful act, or battery, the jury would be authorized to convict of involuntary manslaughter in the ·commission of an unlawful act.

The indictment charges the defendant with murder, alleging that the defendant did kill and murder Willie Williams "by hitting and· beating the said Willie Williams with a certain pair of metal knuckles, and other blunt instruments to the grand jury unknown which the said Allen Habersham then and there held, and giving to the said Willie Williams then and there a mortal wound, of which mortal wound the said Willie Williams died."

Without passing upon the question of whether or not the evidence is sufficient to show that the defendant struck the deceased "with a certain pair of metal knuckles, and other blunt instruments to the grand jury unknown," the evidence was certainly sufficient to authorize the jury to find that the defendant struck the deceased with his bare fist and knocked him down, and that death resulted from a wound suffered by the deceased upon his head striking the concrete floor, fracturing his skull.

Counsel for the defendant contends that his client was not charged with bringing about the death of the deceased in this manner, and that therefore the instruction complained of is error.

The rule of this State is that no fatal variance between the pleading and the proof exists where one weapon is charged in the indictment and a weapon of a similar nature capable of inflicting the same character of injury is shown by the evidence. See, in this connection, *Trowbridge* v. *State*, 74 *Ga.* 431; *Hill* v. *State*, 147 *Ga.* 650 (95 S. E. 213); *Burney* v. *State*, 22 *Ga. App.* 622 (97 S. E. 85); *Watson* v. *State*, 21 *Ga. App.* 637 (94 S. E. 857). This rule does not apply, however, where the evidence shows that the deceased met his death at the hands of the defendant in a manner vastly different from that alleged in the indictment. In this connection see *Jones* v. *State*, 147 *Ga.* 356 (94 S. E. 248), in which it is held that, where the indictment for murder charged the defendant with shooting the deceased with a pistol, it would not have been proper for the court to charge that the defendant could be convicted of involuntary manslaughter if they should find that the deceased met his death by being unintentionally thrown from a railroad train. See also *Lanier* v. *State*, 141 *Ga.* 17 (4) (80 S. E. 5), wherein it was held to be error to charge the jury that a conviction would be authorized upon finding that the defendant or either of them "smothered" the deceased, the indictment alleging that the deceased met death "by choking, strangling, and by beating and striking . . to the grand jury unknown." See *Mays* v. *State*, 39 *Ga. App.* 498 (147 S. E. 403); also many cases annotated under Code, § 27-701, catchword "Variance."

Since the indictment in the instant case charges the defendant with having killed the deceased by "striking him with a certain

pair of metal knuckles and other blunt instruments to the grand jury unknown," a conviction of the defendant for striking the deceased with his fist and knocking him to the concrete floor and fracturing his skull, resulting in his death in this manner, would be unauthorized. There would be fatal variance between the pleading and the proof. It follows that the charge authorizing the jury to convict the defendant, if they should find that the death of the deceased resulted in the manner last mentioned, is error.

The remaining grounds of the amended motion for a new trial are either not likely to recur on another trial, or are such that a decision of the questions raised by them would require this court to pass on the sufficiency of the evidence, which question, of course, is raised by the general grounds; and in keeping with the policy of this court, the general grounds are not considered where the case is being reversed on a special ground. The reason for this policy is that it is not known what the evidence may be on another trial.

*Judgment reversed. Sutton, C. J., and Felton, Gardner, and Parker, JJ., concur. MacIntyre, P. J., dissents.*

MacIntyre, P. J., dissenting. The defendant was indicted for murder and found guilty of involuntary manslaughter in the commission of an unlawful act. The material portion of the indictment was: "The said Allen Habersham . . did kill and murder, by hitting and beating the said Willie Williams with a certain pair of metal knuckles, and other blunt instruments to the grand jury unknown which the said Allen Habersham then and there held." The court charged the jury: "If the defendant unlawfully struck him [deceased] with his fist or committed an unjustifiable battery on the deceased, and that such unlawful act contributed to the death of the deceased, and that his death would not have resulted but for such unlawful act, or battery, the jury would be authorized to convict of involuntary manslaughter in the commission of an unlawful act." I cannot agree with the majority that there was a material variance as to the allegation of the *instrument* from which death followed or the assault was committed, and the charge of the court. Under one phase of the evidence, the jury was authorized to find that the

defendant struck the deceased with his fist, that the deceased fell, striking his head on the concrete floor, from which he died. The means of death or mode of applying the violence were shown to be the same in kind and agree in substance with those charged in the indictment, and the attack, whether with the defendant's fist, or with metal knuckles, was followed by the same sort of death as would have followed from a battery by the instruments charged in the indictment. As defined in Webster's *New International Dictionary of the English Language* (1936 ed.) "Instrument" is "that means by which any result is effected." In Funk & Wagnall's *New Standard Dictionary,* the definition of "instrument" is illustrated with this expression, "as the hands are *instruments* of the will." As one phase of the evidence authorized the charge complained of, it was not error to give it. *Watson* v. *State,* 21 *Ga. App.* 637, supra.

Though the indictment charged the use of a particular instrument or means of death, metal knuckles or other blunt instruments, and even though another instrument or means of death, bare-bone knuckles, the fist, may have been used, the jury was authorized to find that it was of a similar nature and caused the same character of wound or injury and was followed by the same sort of death. "If a person be indicted for one species of killing, as by poisoning, he can not be convicted by evidence of a totally different species of death, as by shooting with a pistol, or starving. But where they only differ in circumstance, as if a wound be alleged to be given with a sword and it proves to have arisen from a staff, an ax, or a hatchet, this difference is immaterial." 2 Blackstone 196. "The proofs need sustain only the substance of the issues. Thus, if at the trial the weapon disclosed is not the same as charged, yet it produced the same sort of wound, followed by the same sort of death, the averment is sustained; as 'if a wound or bruise be alleged to be given with a sword, and it prove to be with a staff, or axe; charged to be with a wooden stick and a stone is proved, the seeming variance is immaterial. So it is where one kind of poison is averred and another proved.' " 2 Bishop's New Cr. Pr., 222, § 514 (4). "It is not indispensable to prove the precise weapon set forth in the indictment. It is sufficient if both were weapons likely to produce death, and were

248

capable of inflicting the same character of injury. *Trowbridge* v. *State*, 74 *Ga.* 431, supra.

I think that the knuckles of the fist and the knuckles of the fist covered by the metal knuckles were instruments of a similar nature. They were both blunt in character and could inflict a wound or bruise of the same character and would be followed by the same sort of death. The name of the instrument of death, whether it be a weapon or other thing is not made prima rily to describe the weapon or other thing of death, but to describe the character of the wound which caused the death. *Watson* v. *State*, supra. The indictment here does not denominate the mode of applying the violence as being with a weapon, but uses the broader term and says that the means of death or mode of applying the violence was by hitting and beating with metal knuckles. If the State proved that the beating was with metal knuckles, wooden knuckles, plastic knuckles, or bone knuckles (the fist), which produced the same sort of wound or bruise, followed by the same sort of death, the allegation in the indictment is sustained. After all, what the indictment charged was hitting and beating with knuckles, and the proof showed that the defendant beat and hit with bone knuckles, or his bare fist. Referring to the quotation from Bishop, set out above, we find that, if the wound or bruise be given with a wooden stick and a stone is proved, the seeming variance is immaterial; and, where the instrument of death is alleged as one kind of poison and another is proved, it is sufficient to sustain the indictment.

I think that the judgment should have been affirmed.