32857.  BRAWNER *v.* THE STATE.

164

Decided March 16, 1950.

W. A. Ingram, J. L. Davis, Hicks & Culbert, for plaintiff in error.

Warren Akin, Solicitor-General, contra.

Townsend, J. (After stating the foregoing facts.) ■ Special ground 1 of the amended motion for a new trial contends that the trial court erred in charging the jury on the law of voluntary manslaughter, it being contended that the homicide, as shown by the evidence, was either murder or justifiable, and that therefore the law of voluntary manslaughter was inapplicable to the case.

Three persons testified that they were eyewitnesses to the shooting. Two of these were witnesses for the defendant. Their testimony, coupled with the physical facts, point only to justifiable homicide. These physical facts include the deceased lying in the street in front of the defendant's store; a double-barreled shotgun lying near him with both barrels discharged and

the gun broken down, indicating an effort on the part of the deceased to reload it; the front window of the store shot out by shotgun fire and a row of empty bottles in a case on the premises broken by shotgun fire; a severe wound from shotgun fire in the left shoulder of the defendant, and blood and bits of flesh on a Dr. Pepper sign nailed up on the front portion of the store just back of where the defendant was standing when he was shot, which sign was also perforated by shotgun pellets. The undertaker also testified that he found in the pocket of the deceased a knife with a bloody blade which corroborated the testimony of a witness and the statement of the defendant that Guyton stabbed him with the knife during the first altercation. The testimony of the other witness who was the wife of the deceased would have authorized the jury to have reached no other conclusion than that the defendant was guilty of murder. Her testimony was corroborated by the testimony of a witness that he heard the defendant say on that afternoon that he was going to kill Guyton. The testimony and the statement of the defendant on the one hand, therefore, would require the jury to find the defendant not guilty of any offense. On the other hand, the testimony of the State's witnesses would authorize only a verdict for murder. Under no theory of the evidence was a verdict for voluntary manslaughter authorized.

■ Special ground 2 of the amended motion for a new trial contends that the trial court erred in charging the jury with reference to manslaughter as follows: "I charge you that there is included and embraced within this indictment and within the range of this evidence the charge of manslaughter." This is objected to on the ground that it is an expression of opinion as to the evidence. Any time the defendant is on trial for a particular offense which is broad enough to contain within it a lesser offense and the law charged relates to one of the lesser offenses, so doing amounts to an expression of opinion on the part of the trial court that the lesser offense is embraced within the range of the evidence, for if the trial court did not think so, he would not charge the lesser offense. In *Yarborough* v. *State,* 86 *Ga.* 396 (12 S. E. 650), at page 398 it is held as follows: "No proposition of law can be laid down without some implication of a state of facts as by possibility existing; and merely to declare

166

the law respecting any state of facts whatever is to express an opinion irrespective of the actual existence of such facts in the given instance." See also *Dorsey* v. *State,* 73 *Ga. App.* 271 (36 S. E. 2d, 178), at page 277 where this court, quoting from one of its previous decisions (*Densley* v. *State,* 24 *Ga. App.* 136, 99 S. E. 895), held as follows: "To declare the law applicable to a given state of facts is no expression or intimation of opinion as to whether any of the facts referred to do or do not exist in the case on trial." This assignment of error is without merit.

■ Special ground 3 of the amended motion for a new trial contends that there is a fatal variance between the proof and the pleading, in that the indictment charges that the defendant shot said Raymond Guyton with a certain shotgun and the evidence showed it to have been done by a pistol. The rule in this State is that no fatal variance between the pleading and the proof exists where one weapon is charged in the indictment and a weapon of a similar nature capable of inflicting the same character of injury is shown by the evidence. See *Habersham* v. *State,* 79 *Ga. App.* 244 (53 S. E. 2d, 578); *Trowbridge* v. *State,* 74 *Ga.* 431; *Hill* v. *State,* 147 *Ga.* 650 (95 S. E. 213); *Burney* v. *State,* 22 *Ga. App.* 622 (97 S. E. 85); *Watson* v. *State,* 21 *Ga. App.* 637 (94 S. E. 857). It is well known that a shotgun and a pistol are capable of inflicting the same general character of injury. This assignment of error is therefore without merit.

■ Since the case is being reversed on a special ground and may be tried again, this court is not now passing upon the general grounds.

For the reasons set forth in division 1 of this opinion, the trial court erred in overruling the motion for a new trial as amended.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*