## GEORGIA COAST & PIEDMONT RAILROAD CO. *v.* JONES.

1. In a suit against a railroad company to recover damages for a personal injury, where there is evidence to show that the plaintiff applied to the agent of the company to purchase a ticket, and the agent sold him a ticket, informing him that the train was about an hour late, and that the plaintiff went to a restaurant for supper and on his return to the depot, while walking upon a public street over which the public were accustomed to travel in approaching the depot, and as he was passing the tender of the engine attached to the train which he intended to board, he heard some one exclaim "Look out!" and saw the fireman on top of the tender which was loaded with wood for fuel, and just at that time a piece of wood fell from the tender striking the plaintiff on the head, it was not erroneous to instruct the jury, "that a railroad company shall be liable for any damage done to persons, stock, or other property by the running of the locomotives or cars or other machinery of such company, or for damage done by any person in the employment of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company."
2. Though some of the instructions were not strictly accurate, yet when taken in connection with the whole charge, they were not prejudicial to the defendant.

June 13, 1913.

Action for damages. Before Judge Sheppard. Liberty superior court. June 24, 1912.

*Hitch & Denmark* and *John T. Chapman,* for plaintiff in error.
*H. H. Elders* and *Way & Burkhalter,* contra.

Evans, P. J. The action was by Jesse Jones against the Georgia Coast and Piedmont Railroad Company to recover damages for a personal injury. Testimony was submitted tending to show that the plaintiff, late in the afternoon and a few minutes before the time the defendant's train was scheduled to arrive at Ludowici,

applied to the defendant's agent to purchase a ticket from there to another point on the road. The agent sold him the ticket, and informed him that the train was reported to arrive an hour late. Whereupon the plaintiff betook himself to a restaurant for supper. Upon finishing his meal he proceeded along a public street, where the public was accustomed to travel, and alongside of the track, which occupied a portion of the street. The train on which he intended to ride had reached the depot, and just as he was passing the engine and tender on his way to board the cars, he heard someone exclaim, "Look out!" The person who uttered the exclamation was the fireman, and he was on top of the tender. Just then a piece of wood fell off the tender, striking the plaintiff on the head, rendering him unconscious for a time. The fuel used for this engine was wood, and it was piled high upon the tender. The court instructed the jury, "that a railroad company shall be liable for any damage done to persons, stock, or other property by the running of the locomotives or cars or other machinery of such company, or for damage done by any person in the employment of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." Complaint is made of this charge.

The charge is in the language of the Civil Code, § 2780. The exception is that the code section is inapplicable to the facts of the case; that it only applies to injuries caused by the running of trains or by persons in the employment of the company. Counsel for the plaintiff in error earnestly contend that the present case comes within the ruling made in the case of *Savannah etc. Railway Co.* v. *Flaherty,* 110 *Ga.* 335 (35 S. E. 677), and is controlled thereby. In that case it appeared that the railroad company, for the purpose of rolling trucks across its passenger depot in the city of Savannah, the floor of which was elevated above the railroad tracks, had constructed a crossing, at each end of which was a steep incline from the level of the floor to that of the tracks. A train for the reception of passengers was so placed in the depot that the steps of the ladies' car thereto attached were immediately over the incline at one end of the crossing. The plaintiff undertook to enter the ladies' car as a passenger; her right foot encountered the unexpected slope at the moment she was raising her

left foot to place it on the step of the car; her right foot slipped from under her, and she fell. It was held that the injury was not caused by the running of the cars nor by any person in the employment of the company. Even if it be conceded that no reasonable differentiation can be made between the ruling that a coach placed in the initial depot for the reception of passengers is not to be regarded as a part of the operation of the running of the cars, and a holding that the temporary stoppage of a train at an intermediate station for the purpose of discharging and receiving passengers is included in the running of the cars so as to bring the case within the purview of the statute, nevertheless the jury was authorized in the present case to find that the piece of wood which struck the plaintiff was dislodged by the fireman on top of the tender, and that the plaintiff's injury was due to an act of a person in the employment and service of the company. It was therefore not error to give the instruction to which exception is taken.

2. Exceptions are taken to certain excerpts of the charge. Some of the instructions criticised were not strictly accurate, but they were not prejudicial to the defendant. For instance, the jury were instructed that the plaintiff could not recover unless he was blameless. When the various excerpts which are segregated from the charge for the purpose of criticism are read in connection with their context, we do not think that the instructions as a whole were prejudicial to the defendant, or that the law applicable to the case was expounded unfavorably to the railroad company.

*Judgment affirmed. All the Justices concur.*