### 5016.   JEEMS v. LEWIS.

1. A depositary for hire has a lien upon the goods for the hire, and may retain them until he has been paid.

2. It is a good defense to an action in trover that the defendant holds the property sued for as a depositary for hire and has not been paid; and no equitable jurisdiction is needed to enforce it.   It is purely defensive in its nature, and seeks no affirmative relief, either legal or equitable.

3. Trover lies only when there has been a conversion; and proof that the possession of the defendant is not wrongful defeats the action.

DECIDED SEPTEMBER 17, 1913.

Trover; from city court of Miller county.—Judge Geer.   March 31, 1913.

*P. D. Rich,* for plaintiff in error.

*Bush & Stapleton,* contra.

POTTLE, J.   The only question in this case is whether a bailee for hire can, in defense to an action of trover, brought in a court having no equitable jurisdiction, plead that he has not been paid for keeping the bailed property.   Trover never lies unless there has been a conversion.   There is no conversion as long as the party in possession has a right to retain the chattel against the person claiming the right to recover it.   According to the plea, the defendant was a depositary for hire.   She had a lien on the goods and a right to retain them until the hire was paid.   Civil Code, § 3501; *Seaboard Air-Line Railway* v. *Shackelford*, 5 *Ga. App.* 395 (63 S. E.

252). Having a right to retain the goods, there was no conversion, and no recovery could be had in trover until the hire was paid.

Such a defense may be filed in any court in which the action may be brought. The defense is a legal and not an equitable defense, and the court needs no equitable jurisdiction to enforce it. The case is altogether different from *Harden* v. *Lang,* 110 *Ga.* 392 (36 S. E. 100), where trover was brought to recover property sold upon condition that title should remain in the seller until payment of the purchase-price; and it was held that, unless some special equity intervened, such as insolvency or non-residence, the defendant could not set off a claim for damages arising from a breach of the contract of sale. This is so because the action of trover is one sounding in tort. In the present case the defendant is not seeking to recover anything from the plaintiff, but seeks merely to hold the goods until her lien is satisfied. This she has a right to do. ·

*Judgment reversed.*