21202. MANN *v.* MASSEY.

DECIDED APRIL 14, 1931.

*Oscar D. Smith,* for plaintiff in error. *J. F. Terry,* contra.

LUKE, J. S. C. Massey instituted an action of trover, with bail, against W. H. Mann in the municipal court of Columbus. Judgment having been there rendered in favor of the plaintiff, the defendant presented to the superior court a petition for certiorari. The petition was duly sanctioned, but on final hearing was overruled, and exceptions were taken.

In his petition Massey alleged: 1. That W. H. Mann was in possession of described cattle. 2. That said personalty was the property of petitioner. 3. That the value of the property was $300, and the hire thereof $75. 4. That defendant refused to deliver said property to petitioner or to pay him the profits thereof.

The defendant's answer was as follows: 1. "Defendant admits paragraphs 1 and 3." 2. "Defendant denies each and every material allegation contained in paragraphs 2 and 4 of the plaintiff's petition, and insists upon strict proof thereof."

On direct examination the plaintiff testified: "I own the cattle described in the petition. They are worth $300. They were in the possession of the defendant at the time I filed this petition, and before filing the petition I demanded them and he refused to sur-

render them." On cross-examination the plaintiff swore: "The cattle were in the defendant's lot. I know he had impounded them. Claimed that he took them out of his cornfield, and that they had damaged his corn." The defendant testified: "I took the cows up and held them because they were in my cornfield. I refused to surrender them until the law came and took them. He knew I had them. I notified him the day I took them up." The foregoing is all the evidence introduced on the hearing. On the conclusion of the evidence "the defendant moved that judgment be entered in favor of the defendant for the proven value of the cattle, for the reason that plaintiff's testimony showed that he was not entitled to their possession." This motion was overruled. The defendant then offered to prove the amount of damage done to his corn. Objection was interposed and the court sustained the objection. "The defendant then moved that the plaintiff's petition be dismissed on the ground that the testimony showed conclusively the fact that the cattle were impounded by defendant, and the further fact that the plaintiff in trover was not entitled to their possession." This motion was also overruled. The court then entered the following judgment: "Whereupon it is adjudged by the court that plaintiff recover of the defendant property described in petition, interest, and cost of court."

It is urged on behalf of the plaintiff in error that upon the trial of the action the burden was upon the petitioner to show (a) ownership of the property, and (b) right to the possession of the property; and that, petitioner not only having failed to prove right of possession in himself, but having proved right of possession in defendant, the court should have dismissed the petition.

The action of trover lies where there is a conjunct right of property and possession. *Liplrot* v. *Holmes*, 1 *Ga.* 381. "Trover lies only when there has been a conversion; and proof that the possession of the defendant is not wrongful defeats the action." *Jeems* v. *Lewis*, 13 *Ga. App.* 456 (3) (79 S. E. 235). In *Forbes Piano Co.* v. *Oliver*, 11 *Ga. App.* 65 (2) (74 S. E. 713), this court held: "The judgment of nonsuit was properly awarded, since the plaintiff failed to make out a prima facie case by showing ownership and right to possession of the property for the recovery of which he instituted his action in trover." Trover will not lie for hogs

legally impounded. *Scott* v. *Sanders,* 25 *Ga. App.* 21 (102 S. E. 370).

Applying the foregoing authorities to the facts of this case, we hold that the judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*