### 21120. CLIMER *v.* SOUTHERN RAILWAY COMPANY.

BELL, J. 1. It appearing from the evidence of at least two witnesses that they were in a position to have heard the whistle of the defendant's train if the crossing signal had been given, and there being no testimony to suggest that the hearing of either of these witnesses was in any way impaired, their testimony to the effect that they did not hear the whistle blow was evidence from which the jury could have inferred that the whistle was not blown as required by the blow-post statute, notwithstanding the testimony of various other witnesses that they knew the whistle was blown because they heard it. *Seaboard Air-Line Railway* v. *Hollis,* 20 *Ga. App.* 555 (2), 557 (93 S. E. 264); *Georgia R. Co.* v. *Wallis,* 29 *Ga. App.* 706, 714 (116 S. E. 883); *Seaboard Air-Line Ry. Co.* v. *Sarman,* 38 *Ga. App.* 637 (10) (144 S. E. 810); *Harper v. State,* 14 *Ga. App.* 603 (3) (81 S. E. 817).

2. There being some evidence that the defendant failed to comply with the requirements of the blow-post law, and a prima facie case being otherwise presented by the evidence, the court erred in directing the verdict in favor of the defendant.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 25, 1931.

*Porter & Mebane,* for plaintiffs.
*Maddox, Matthews & Owens, C. C. Bunn,· W. H. Trawick,* for defendant.