## 26153, 26154. ALABAMA GREAT SOUTHERN RAILWAY COMPANY *v.* HAMBY *et al.*

DECIDED JULY 16, 1937.

*McClure, Hale & McClure, Maddox, Matthews & Owens,* for plaintiff in error.

*Baker & Townsend, Mitchell & Mitchell,* contra.

STEPHENS, P. J. Mrs. Florence Hamby and her husband, J. F. Hamby, brought suit against Alabama Great Southern Railway Company. Mrs. Hamby sued for damages for personal injuries, including pain and suffering, alleged to have been caused by a large tap or nut which was hurled with great force from a passing locomotive engine belonging to the defendant, and which hit her in the leg after she had crossed the track of the defendant at a public crossing and was approximately twenty-five feet from the engine as it passed. Mr. Hamby sued to recover damages for loss of the services of his wife. It was alleged in both petitions that the defendant was negligent in the operation of its train, in that parts of the locomotive or tender were defective "to the extent that the nut which struck plaintiff was permitted to become or be loose and be hurled with great force and violence so as to strike plaintiff, which defect was known to the defendant company, its officers, agents, and employees, or by the exercise of

reasonable ordinary care should have been so known;" that the defendant was negligent in permitting the engine and tender to be operated, and in operating them, without having inspected them, at or near a public place where the company knew that people were likely to be; that if the engine and tender had been inspected, ordinary care and precaution should have been exercised in the making of such inspection. The defendant generally denied the allegations in the petitions. The cases were tried together. Mrs. Hamby testified in substance, that about August 22, 1935, between two and three o'clock in the daytime, she crossed the tracks of the defendant at a crossing near the railroad station in Trenton; that after she had crossed the tracks, and as a train of the defendant was passing and was about twenty-five feet from the track, something hit her on the back of one of her legs with great force, and she dropped and fell; that at the time she did not know what had hit her, but she turned and saw a tap or nut rolling off; that she picked it up; that it was hot, was not clean, but was greasy; that she took it home; that it was in her handbag; that the distance from the point where she was struck to the point where she picked up the tap or nut was about two or three feet; that at the time when she was struck there was no moving object other than the train anywhere in the vicinity; and that no other kind of machinery was anywhere in sight. There was evidence tending to show the extent of the injuries, and to establish the extent of the claim of the husband for the loss of his wife's services. The defendant, besides introducing evidence which tended to minimize the extent of the injuries, introduced evidence which tended only to show that at the time alleged and testified to, no train of the defendant was in or near the vicinity where Mrs. Hamby contended she was when injured.

■ The court charged the jury, that "where something unusual happens to a defendant's property over which he has control, and by such extraordinary occurrence a plaintiff [is] injured, an inference may arise that the injury was due to the defendant's negligence;" and that "the inference may in some cases arise, from an unexplained occurrence which has worked an injury to another, that the defendant, who had in charge the instrumentality which was the direct cause of the injury, was guilty of negligence, [and] may or may not be drawn by the jury; but,

like the fact of negligence or no negligence, the inference which the jury may be authorized to draw is peculiarly an inference of fact." This charge was error in that it assumed, and amounted to an expression of opinion by the court, that Mrs. Hamby was injured by the defendant, or by some instrumentality of the defendant over which the defendant had control; whereas there was an issue of fact whether Mrs. Hamby was injured as a result of some act of the defendant.

■ Since no issue was presented by the evidence respecting .the alleged negligence of the defendant, but the only issues presented. being whether or not Mrs. Hamby was injured by the operation of a locomotive or cars of the defendant, that her injuries were as severe as claimed, and also as to the amount of the husband's loss of services of the wife, resulting from the alleged injury to her, and since it did not appear that the defendant had within its power any witnesses, other than the witnesses introduced, who could have explained or disproved the claim that Mrs. Hamby was injured by the operation of the defendant's locomotive or cars, or the claims as to the severity and monetary value of the injuries and loss of the wife's services to her husband, it was error prejudicial to the defendant to charge the jury as follows: "Where a party has in its power witnesses to explain an occurrence, or to disprove a fact, and fails to produce such witnesses, the presumption arises that the evidence of such witnesses would be hurtful to the party failing to produce such witnesses." *Schnell* v. *Toomer*, 56 *Ga.* 168; *Central of Georgia Railway Co.* v. *Bernstein*, 113 *Ga.* 175 (5) (38 S. E. 394) ; *Shields* v. *Georgia Railway & Electric Co.*, 1 *Ga. App.* 172 (2) (57 S. E. 980). Code, § 38-119.

■ It is not necessary to pass on the ground of the motion for new trial which excepts to the failure of the judge to declare a mistrial on motion of the defendant, on the ground that counsel for the plaintiff, in his argument to the jury, argued and invoked the rule in § 38-119, supra. The court erred in overruling the motions for new trial.

*Judgments reversed. Sutton and Felton, JJ., concur.*

STEPHENS, P. J., concurring specially. I do not concur in the ruling announced in division 1. I concur in the judgment of reversal solely on the ruling announced in division 2. I do not construe the charge referred to in division 1 as an expression of

an opinion by the court that Mrs. Hamby's injuries were caused by an act of the defendant. This charge is no more than an instruction to the jury as to the law applicable to the supposed fact that Mrs. Hamby was injured as a result of an act of the defendant. "To declare the law applicable to a given state of facts is no expression or intimation of opinion as to whether any of the facts referred to do or do not exist in the case on trial." *Yarborough* v. *State,* 86 *Ga.* 396 (12 S. E. 650) ; *Densley* v. *State,* 24 *Ga. App.* 136 (99 S. E. 895). If Mrs. Hamby was injured by a tap or nut which was hurled from the defendant's passing train, it was an "injury inflicted by the running of locomotives or cars" of the defendant railroad company. In *Georgia Coast & Piedmont Railroad Co.* v. *Jones,* 140 *Ga.* 132 (78 S. E. 765), it was held that where a person while walking on a public street was injured by a stick of wood which fell from the tender of a passing train, he was injured by the running of the locomotives or cars of the railroad company. Upon the establishment of Mrs. Hamby's injuries as having been inflicted by the running of the locomotive or cars of the defendant, the presumption statute of 1929 (Ga. L. 1929, p. 315; Code, § 94-1108), which declares, that, in actions against railroad companies for damages to person or property, "proof of injury inflicted by the running of locomotives or cars of such companies, shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the companies in reference to such injury," was applicable. Proof that the plaintiff was injured by the operation or the running of the defendant's locomotive or cars, in the absence of any evidence tending to rebut any presumption of negligence tending to show that the defendant exercised any degree of care or diligence respecting the condition or operation of its train, constituted "prima facie evidence of want of reasonable skill and care on the part of the servants of the company in reference to such injury." Since there was no evidence to rebut the presumption of negligence "in reference to such injury" arising from proof that Mrs. Hamby was injured by the running of the defendant's locomotive or cars, the jury, in so far as the determination of the question of the defendant's liability was concerned, was confined to a determination of the question whether Mrs. Hamby was injured by the operation of the defendant's locomotive or cars. In Greenleaf on Evi-

dence (15th ed.), § 33, it is stated: "The law defines the nature and amount of the evidence which it deems sufficient to establish a prima facie case, and to throw the burden of proof on the other party; and if no opposing evidence is offered, the jury are bound to find in favor of the presumption." On a finding by the jury that Mrs. Hamby was so injured by being hit by a tap or nut as it was hurled from a passing train of the defendant, negligence of the defendant as alleged "in reference to such injury," in that by the operation of its locomotive or tender in a condition that its parts were defective to the extent that the nut or tap which struck Mrs. Hamby was permitted to become or to be loose and be hurled with great force and violence from the defendant's train, which defect was known to the defendant through its agents, etc., or in the exercise of reasonable care could have been known to them, and in operating the train without having inspected the locomotive and tender, was established by presumption. The act complained of, namely the hurling of the tap or nut from the defendant's train because the tap or nut was permitted to become or be loose with knowledge of the defendant, etc., or because the defendant had not previously inspected the locomotive and tender, where the tap or nut when thus hurled hit Mrs. Hamby and injured her, was necessarily the proximate cause of the injury. Since the evidence, as a matter of law, demanded a finding that whatever injury Mrs. Hamby may have received as a result of the operation of the defendant's locomotive or cars was proximately caused by the alleged negligence of the defendant, it was not harmful or prejudicial to the defendant for the court to instruct the jury that "Where something unusual happens to a defendant's property over which he has control, and by such extraordinary occurrences a plaintiff [is] injured, an inference may arise that the injury was due to the defendant's negligence," and that "the inference may in some cases arise, from an unexplained occurrence which has worked an injury to another, that the defendant, who had in charge the instrumentality which was the direct cause of the injury, was guilty of negligence, [and] may or may not be drawn by the jury; but, like the fact of negligence or no negligence, the inference which the jury may be authorized to draw is peculiarly an inference of fact." See *Central of Georgia Ry. Co.* v. *Weathers,* 120 *Ga.* 475 (47 S. E. 956);

220

*Kemp* v. *Central of Georgia Ry. Co.*, 122 *Ga.* 559 (50 S. E. 465);
*Slaton* v. *Southern Railway Co.*, 45 *Ga. App.* 781 (165 S. E. 883);
*Southern Ry. Co.* v. *Slaton*, 50 *Ga. App.* 570 (178 S. E. 392).