## 35638. TRUSCOTT v. GARNER.

CARLISLE, J. 1. "Trover lies only when there has been a conversion; and proof that the possession of the defendant is not wrongful defeats the action." *Jeems* v. *Lewis,* 13 *Ga. App.* 456 (3) (79 S. E. 235); *Mann* v. *Massey,* 43 *Ga. App.* 201 (158 S. E. 341).

2. By the terms of the act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., p. 275; Code, Ann. Supp., § 67-2003), it is provided: "All mechanics of every sort, for work done and material furnished in manufacturing or repairing personal property, shall have a special lien on the same, which may be asserted by retention of such property, or the mechanic may surrender such personal property and give credit, when the same shall be enforced in accordance with the provisions of section 67-2401."

3. Under an application of the foregoing principles of law to the facts of the instant case, the trial court, sitting without the intervention of a jury, erred in entering a finding and judgment for the plaintiff in trover. It appears from the undisputed evidence that the defendant in trover was, at the time of the trial, holding the automobile in assertion of his special lien for repairs; and, under this lawful possession of the automobile, the defendant's refusal to redeliver the automobile to the plaintiff in trover upon demand, but without payment of the repair bill, constituted no conversion of the property, and no other conversion of the property by the defendant is shown by the evidence. Counsel for the plaintiff concedes in his brief in this court that the theft of the automobile, which was recovered by the defendant before the trial in this case, would not constitute a conversion of the property by the defendant. The evidence demanded a finding and judgment in favor of the defendant in trover, and the trial court, consequently, erred in denying the motion for a new trial, based on the usual general grounds.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MAY 24, 1955.

*John H. Hudson, Wm. R. Hudson,* for plaintiff in error.
*Augustus M. Roan,* contra.