## 24614. GRICE v. THE STATE.

Almand, Presiding Justice. Under an indictment charging him with murder for unlawfully and with malice aforethought killing one Joe C. Tolbert by shooting him with a pistol, Elijah Grice was upon his trial found guilty by the jury and sentenced to death by electrocution. The defendant's motion for a new trial was overruled, and he appeals from the judgment of conviction and sentence.

Defendant enumerates 15 grounds of alleged error. *Held:*

1. Grounds 1, 2 and 3 assert that the court erred in permitting counsel for the State in his argument to the jury to make certain remarks which the defendant contends were harmful and prejudicial. In each instance the court reprimanded counsel for the State. No motion, in either instance, was made for mistrial, and a mere objection to the argument of State's counsel to the jury does not constitute grounds for a reversal. *Waller v. State*, 213 Ga. 291 (7) (99 SE2d 113). In each of the cases relied upon by the defendant, *Montos v. State*, 212 Ga. 764 (95 SE2d 792) and *Bland v. State*, 210 Ga. 100 (78 SE2d 51), a motion for a mistrial was overruled.

2. Assignment of error 4 complains that defendant was denied the benefit of counsel in violation of Art. I, Sec. I, Par. V of the Georgia Constitution (*Code Ann.* § 2-105) and refers to page 69 of the transcribed record which contains a statement by the defendant to the jury as to the time a lawyer was appointed to represent him and the time between the appointment and the trial. The record discloses that defendant was represented by counsel on his trial and no motion was made by counsel to continue the case because of lack of time for preparation. This ground is without merit.

3. Assignment of error 5 asserts that the court erred in failing to charge on the law of voluntary manslaughter. The court charged the law as to murder, accident and involuntary manslaughter. The defendant in his statement claimed that the deceased in charging him "bumped into the butt of the gun [in defendant's hand] and the gun went off and he [deceased] fell." The primary defense was that of accident. No request was made to charge the law of voluntary manslaughter nor did the evidence demand a charge on this subject.

4. Where no objection was made to the State's bringing parties into the courtroom for the purpose of identification by a

witness on the stand or to the court's permitting such identification, it does not constitute the basis for an enumeration of error. Ground 6 is without merit.

5. Assignment of error 7 asserts that the court erred in commenting on what a witness for the State said on cross examination. This assignment is based upon the following portion of the transcript: "Q. Now, actually you don't remember what was said prior to that; do you—prior to the killing, you don't remember what was said; do you? A. No. Q. And you don't know it—maybe Joe C. Tolbert hadn't gone up to the defendant—uh—either a little bit sooner or a little bit later; do you? Mr. Martin [Counsel for the State] (Interrupting): Don't answer that question. That's asking for a conclusion, Your Honor. Court: Yes, sir, if he doesn't know—he says he doesn't know." This assignment is without merit.

6. In the absence of a request it is not error for the court to fail to charge *Code* § 38-111 as to positive and negative testimony. *Patterson v. State,* 134 Ga. 264 (3) (67 SE 816). Assigned error 8 is without merit.

7. Assignment of error 9, that the sentence of death for one found guilty of murder violates the 8th and 14th Amendments to the Federal Constitution and Art. I, Sec. I, Par. IX of the Georgia Constitution (*Code Ann.* § 2-109) is without substance or merit. Trop v. Dulles, 356 U. S. 86, 99 (78 SC 590, 2 LE2d 630), and *Whisman v. State,* 221 Ga. 460 (1) (145 SE2d 499).

8. The court did not err in excluding the testimony of a witness as to what the deceased said out of the presence of the defendant. Ground 10 is without merit.

9. The trial court did not err in failing to charge the law as to justifiable homicide. Ground 11 is without merit.

10. In the direct examination of a witness for the State, the following testimony occurred: "Q. All right. Have a seat over there. Now, what was Joe Tolbert, the man that got shot—what was he doing when he got shot and when you were looking at them and heard the conversation? A. He was standing up there laughing, just like it was funny. Q. Did he have anything in his hands? A. Not that I saw. Q. Where were his hands—in what position? Mr. Coffin [Defendant's Counsel] (Interrupting): Wait—wait—I move to strike that remark from the record. Court: What remark is that, Mr. Coffin? Mr. Coffin: His supposition that the man, Joe Tol-

bert, was standing up there laughing just like he thought it was funny. Court: If that is what he said—he said he was laughing. Mr. Coffin: That he can say. Court: Well, do you laugh when it is not funny? I don't think it is prejudicial. I will overrule your objection."

Assigned errors 12 and 13 assert that the court erred in permitting the witness to testify as to the state of mind of the deceased and that the court erred in expressing an opinion "that one only laughs when it is funny." These grounds are without substance.

11. There is no merit in ground 14 that the court erred in refusing to allow a witness for the defendant to express his opinion as to the state of mind of the deceased shortly before he was shot by the defendant.

12. Assigned error 15 cannot be considered because no sufficient objection was entered or made on the State's cross examination of a witness as to his previous criminal conviction.

13. Though no complaint is made that the verdict is contrary to the evidence, we have examined the evidence and find that it fully supports the verdict.

*Judgment affirmed.. All the Justices concur.*

ARGUED MAY 13, 1968—DECIDED MAY 23, 1968—

REHEARING DENIED JUNE 20, 1968.

*Nelson C. Coffin, Roberts & Thornton, James A. Elkins, Jr.,* for appellant.

*Frank K. Martin, Assistant Solicitor General, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, John W. Hinchey,* for appellee.