### 26178.   SEABOARD COAST LINE RAILROAD COMPANY et al. v. WALLACE.

FELTON, Justice. The Court of Appeals has requested an answer to the following certified questions:

[1] "Is it proper for counsel (in this instance counsel for the plaintiff) to suggest in his argument to the jury: 'So, I think the best way to determine what this mother lost is to make a self case of it . . . put yourself in her place.'? See *Earl v. Edwards,* 117 Ga. App. 559 (3) (161 SE2d 438); *Doe v. Moss,* 120 Ga. App.

762 (7, 8) (172 SE2d 371); *Spell v. State,* 225 Ga. 705, 708 (3) (171 SE2d 285); 70 ALR2d 937, 954 (c).

[2] "If this question is answered in the negative, is error requiring reversal shown by the objection: Counsel: 'Well now, if Your Honor please, that's an improper argument—*making a self case out of a thing like this*—and I ask that this not be considered. You can't put yourself in the place of someone else. We ask that this not be—' The Court (interposing): 'I'll permit that.' Counsel: 'Sir?' The Court: 'I'll overrule that objection.' Counsel: 'Overrule it? All right, sir.' See *Code Ann.* § 81A-146; *Code* § 81-1009.

[3] "Did the overruling of the objection in this manner, without any admonition to the jury that the argument was improper or that it should be disregarded, and without any rebuke to counsel for making the argument, render it unnecessary to make a motion for mistrial in order to assign the argument as error? See *Code Ann.* § 81A-146; *Code* § 81-1009.

[4] "If the amount of the verdict is such that, had the argument objected to not been made, the court would not hold it to be excessive, [does this] render the error, if error, harmless? See *Code* § 105-2015."

*Code Ann.* § 81A-146 (Ga. L. 1966, pp. 609, 655) provides as follows: "(a) Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is *made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor;* and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him. (b) Where motion for mistrial or other like relief is made, the question is thereby presented as to whether the moving party is entitled to the relief therein sought or to any lesser relief, and where such motion is denied in whole or in part, it shall not be necessary that the moving party thereafter renew his motion or otherwise seek further ruling by the court." (Emphasis supplied.)

Under the provisions of this statute, there are two different cate-

gories of rulings involved in this case: those which have been "made" and those which are "sought." At the time counsel objected to the allegedly improper argument to the jury, no ruling had been *made,* hence the provision as to making known "his objection to the *action* of the court and his grounds therefor" was not then applicable. Since at that point a ruling was *sought,* it was incumbent on the objecting counsel to make known to the court "the action which he desires the court to take." In this type case, the available actions by the court are the granting of the following forms of relief: (1) an instruction or admonition to the jury to disregard the improper argument; or, if this is deemed inadequate to remove the harmful effect, (2) instruction or admonition of the jury plus a reprimand or rebuke of offending counsel; or, as a last resort, (3) mistrial. Although counsel made known his objection to the argument and the grounds therefor *prior* to the court's ruling thereon, he failed to specify what form of relief he desired in seeking the ruling, hence failed to invoke a reviewable ruling. Furthermore, after the court had overruled his objection, counsel made known neither any objection to the ruling nor any action which he desired the court to take and merely acknowledged, if not acceded to, the court's ruling. Therefore, even if the argument was improper for the reasons stated in the cases cited by the Court of Appeals in its first certified question and was harmful, counsel waived his objection by his failure to comply with the requirements of § 81A-146 (a).

Question No. 3 need not be specifically answered, since it is fully answered in the answer to Question No. 2 above, which also makes unnecessary an answer to Questions Nos. 1 and 4.

*Questions Nos. 1, 3 and 4 are not answered. Question No. 2 is answered in the negative. All the Justices concur.*

ARGUED NOVEMBER 10, 1970—DECIDED MARCH 4, 1971— REHEARING DENIED MARCH 18, 1971.

*Larry E. Pedrick, E. Kontz Bennett, Jr., Ben T. Willoughby,* for appellants.

*Jack J. Helms, Brooks E. Blitch, III,* for appellee.