46808.   WISENBAKER v. LEOPARD et al.

DEEN, Judge. As the result of a bannister foraging quest by certain members of a ladies' hobby group who had been inspired by the beauty of their instructor's antiquing techniques applied to this type of subject matter, the plaintiff-appellant found his porch minus 59 bannisters and the defendants found themselves minus their liberty under an arrest warrant. The two named defendants had only 14 bannisters between them, but agreed to and did locate and return all of these unusual art materials to their more utilitarian purposes. They did not, however, pay the expenses of restoring the railing to its original condition. The criminal warrants were dismissed. Appellant sued the two defendants seeking general and punitive damages and the defendants counter sued seeking

damages for malicious prosecution. The jury returned a general verdict for the defendants. The case was appealed to the Supreme Court and by it transferred to this court. See *Wisenbaker v. Leopard,* 228 Ga. 91 (184 SE2d 346). *Held:*

1. The enumeration of error complaining of the court's charge to the jury that this is a suit for damages only is decided contrary to the appellant's contentions by the Supreme Court which, in transferring the case, held it to be an action for recovery of a money judgment.

2. The court, after notifying counsel of his intention to do so, limited the defendants' liability in his instructions to the jury to various measures of damage all of which involved the removal of 14 bannisters by them rather than a total number of 59. Counsel for both sides stated they had no objection to the charge as given. Under this state of facts the appellant cannot now contend that the trial court erred in restricting the issue to the posts actually taken by the defendants. *Baxter v. Bryan,* 122 Ga. App. 817 (2) (178 SE2d 724).

3. Since the jury decided against the defendants' counter-suit for malicious prosecution the issue is moot, and rulings made on these pleadings will not be adjudicated.

*Judgment affirmed. Jordan, P. J., and Clark, J., concur.*

ARGUED JANUARY 6; 1972—DECIDED JANUARY 20, 1972— REHEARING DENIED FEBRUARY 10, 1972—

*Burch & Boswell, John S. Boswell, Sr.,* for appellant.

*Young, Young & Ellerbee, O. Wayne Ellerbee,* for appellees.