*Zorn & Royal, William A. Zorn,* for Averette.
*Gibbs & Leaphart, Alvin Leaphart,* for Oliver.
*Taylor, Bishop & Lee, A. Blenn Taylor,Jr.,* for appellees.

### 47673. AVERETTE v. OLIVER.

EBERHARDT, Presiding Judge. This appeal arises out of the same two-car collision as in *Averette v. Deen* and *Oliver v. Deen,* 128 Ga. App. 52, involving suit for wrongful death of a passenger in the Averette automobile. In the instant case Wilton Oliver, an operator of one of the automobiles, brought suit for personal injuries against Hardee Averette, the other operator. Averette answered, alleging that the sole proximate cause of the collision was Oliver's negligence, and asserted a counterclaim against him seeking recovery for damages to his automobile. Verdict and judgment were in plaintiff's favor, and defendant appeals. *Held:*

1. Defendant complains that the court gave an incomplete and imprecise charge on the doctrine of comparative negligence. However, no such exception to the charge as is here urged was made at the trial. After the charge was completed, plaintiff excepted to failure of the court to charge that loss of ability to work and labor is an element to be considered in connection with pain and suffering. During discussion as to whether the court had omitted this part of its standard charge, the following occurred: "[Defendant's counsel]: . . . I believe, I'd like to mention this, Your Honor, I don't believe Your Honor charged them on comparative negligence. The Court: I sure did. [Defendant's counsel]: Did you? Well, I must have fell over about that time. [Plaintiff's counsel]: Yeah, I heard that. The

Court: I charged that. The same charge I charged them on yesterday, in your case yesterday, identical wordage. [Defendant's counsel]: I must have missed that." After more colloquy with respect to plaintiff's exception, the jury was recalled and charged in accordance with that exception. The following then transpired: "The Court: Any exceptions, Mr. Zorn, to the charge? Mr. Zorn [Defendant's counsel]: No, sir. The Court: Any exceptions, Mr. Leaphart, to the charge? Mr. Leaphart [Plaintiff's counsel]: No, sir. The Court: Let the record reflect nobody excepts." The record reveals that the court did in fact charge on comparative negligence; and, since no exception was made as is now urged for the first time on appeal, and since it does not appear there was any substantial error in the charge harmful as a matter of law, no reversible error appears. Code Ann. § 70-207. Moreover, where a party affirmatively accedes to a charge by indicating that he has no exception, he cannot afterward complain. *Bryant v. Housing Authority of the City of Atlanta,*121 Ga. App. 32 (2) (172 SE2d 439); *Wisenbaker v. Leopard,* 125 Ga. App. 472 (2) (188 SE2d 132).

2. In his closing argument to the jury, plaintiff's counsel stated: "And one of the things you can consider in reaching a verdict, an amount, is the loss of ability to work, which the evidence here shows that he is by trade a carpenter. He's not as fortunate as Mr. Averette to have a family business to go into, he's got to go out there . . ." Defendant's counsel interrupted: "Now if Your Honor please, I hate to object to that, but that's highly irregular argument, and Alvin knows it is, and I have to object to it." Colloquy and rulings followed: "The Court: Sympathy is not a factor that can be dealt with by the jury. Mr. Leaphart: No, sir, and I'm not asking for any sympathy. It's a fact that this man earns his living by the sweat of his brow . . . The Court: Well, you have every. . . Mr. Leaphart: . . . and I can use that as an example and compare it. The Court: You have every right to point that out and to argue your conclusions based on the evidence in that

regard, but I do think you've gone a little far if you go into referring to a family business and that sort of thing. For that matter I'm not sure there's much evidence, if any, in the record as regards a family business as such; there is some. I'm going to allow you to proceed, but I suggest you not go any further along the line to which objection was asserted." On the basis of the foregoing, defendant enumerates as error (a) the overruling of his objection to the argument and allowing the argument to continue, (b) failure of the court to permit him to set forth fully the grounds of his objection and to specify the form of relief sought, (c) failure to admonish plaintiff's counsel for improper argument, and (d) failure to instruct or admonish the jury to disregard the improper argument, or to reprimand or rebuke plaintiff's counsel, or to declare a mistrial.

These enumerations are without merit. As to (a), the court did not overrule the objection as asserted by defendant, but effectively sustained the objection and did not allow the argument to continue. As to (b), the record does not support the assertion made that the court did not permit defendant to specify the form of relief sought. As to (c) and (d), plaintiff failed to seek this relief below. In *Seaboard Coast Line R. Co. v. Wallace,* 227 Ga. 363, 365 (180 SE2d 743), the Supreme Court, in answer to a certified question from this court on the construction of Code § 81-1009 and Code Ann. § 81A-146, held as follows where the objection to argument was *overruled:* "In this type case, the available actions by the court are the granting of the following forms of relief: (1) an instruction or admonition to the jury to disregard the improper argument; or, if this is deemed inadequate to remove the harmful effect, (2) instruction or admonition of the jury, plus a reprimand or rebuke of offending counsel; or, as a last resort, (3) mistrial. Although counsel made

known his objection to the argument and the grounds therefor *prior* to the court's ruling thereon, he failed to specify what form of relief he desired in seeking the ruling, hence failed to invoke a reviewable ruling."

*Judgment affirmed. Pannell and Stolz, JJ., concur.*

SUBMITTED JANUARY 9, 1973 — DECIDED FEBRUARY 2, 1973.

*Zorn & Royal, William A. Zorn,* for appellant.
*Gibbs & Leaphart, Alvin Leaphart,* for appellee.