## 48799. COTTON v. PENDLEY.

STOLZ, Judge. The plaintiff in a trover action for an automobile which he left with the defendant for repairs, appeals from the judgment on the jury verdict in favor of the defendant on his counterclaim. *Held:*

1. Grounds 1 and 2 of the enumeration of errors, based upon the trial judge's ex mero motu rulings which allegedly expressed or intimated the court's opinion on the merits of the case, will not be considered now, since the appellant failed to make timely objection or a motion for mistrial when the rulings were made. *Palmer v. Stevens,* 115 Ga. App. 398, 401 (154 SE2d 803) and cits.

2. Grounds 3, 4 and 6 of the enumeration of errors contend that the plaintiff was denied the right to recover damages for reasonable hire by the trial judge's ruling to the effect that such damages were recoverable only from the date of a conversion, which did not occur unless and until there was a demand and a refusal to return possession. Since the defendant lawfully acquired possession of the vehicle as a bailee for repairs, there was no conversion unless and until the plaintiff demanded his property and the defendant *wrongfully* refused to deliver it. *Sisk v. Carney,* 121 Ga. App. 560, 562 (174 SE2d 456) and cit.; *Truscott v. Garner,* 92 Ga. App. 95 (1) (88 SE2d 197). The trial judge modified his charge so as to allow reasonable hire during such time as the defendant may have *wrongfully* withheld possession from the plaintiff. The evidence that the defendant was holding the automobile in assertion of his special lien for repairs, authorized the jury's finding that there was no *wrongful* refusal to deliver, *Truscott v. Garner,* supra, (3), thus distinguishing this case from those in which the defendant denied the plaintiff's ownership and title, rather than the mere right of possession. See *Graham v. State Street Bank &c. Co.,* 111 Ga. App. 416, 418 (1) (142 SE2d 99) and cits. Since this finding was authorized, the plaintiff's failure or inability to introduce evidence as to reasonable hire, is not harmful error. These grounds are without merit.

3. Assuming without deciding that the failure of the trial judge to charge the jury on the plaintiff's claim for punitive damages, was error, as is contended in ground 5 of the enumeration of errors, it was harmless error, since the jury found for the defendant. *McLarty v. Shirley,* 122 Ga. App. 786, 788 (178 SE2d 753) and cits.; cf. *Nelson v. Cheek,* 127 Ga. App. 31, 34 (192 SE2d 504) and

cits.

The trial judge did not err in entering judgment on the verdict.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED NOVEMBER 9, 1973 — DECIDED JANUARY 7, 1974.

*Telford, Stewart & Stephens, Charles W. Stephens,* for appellant.

*Joseph E. Cheeley,* for appellee.