## 51830. SPEAGLE v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY.

MARSHALL, Judge.

Mrs. Speagle brought this action against Nationwide Mutual Fire Insurance Company on a homeowner's insurance policy claiming losses resulting from three fires in her house within a 24-hour period. The insurance company denied liability contending that Mrs. Speagle voluntarily and intentionally burned the house. Following a lengthy trial, the jury returned a verdict for the insurance company. On appeal, Mrs. Speagle asserts five errors which occurred during the trial, the first of which has merit and requires reversal. *Held:*

1. Appellant points to several instances in the transcript wherein she believes the trial judge improperly commented on her credibility while she was testifying as a witness during the trial. She also asserts that the trial judge was incorrect in his statement, "Credibility is up to the Court" and later "Whether or not the witness is a credible witness is up to the Court."

As to the latter comment, even though it was a misstatement of the law (Code § 38-1805) it did not constitute reversible error because the trial judge corrected himself later and properly charged the jury that they were the sole judges of the credibility of the witnesses.

As to the former contention, appellant points to five instances in the record where the trial judge allegedly made improper comment. Three of these instances (T. 29, 74, 91) were clearly instances where the trial judge was attempting to prevent unresponsive remarks and "blurting out" on the part of the witness. It is within the power of the court to "control, in furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it, in every matter appertaining thereto." Code § 24-104 (4). See, *Heard v. Heard,* 99 Ga. App. 864, 869 (110 SE2d 76); *Carter v. State,* 2 Ga. App. 254 (58 SE 492). Another instance of improper remarks by the judge (T. 40-41) occurred out of the presence of the jury and could not have been harmful.

However, one comment (T. 98) was improper. During direct examination of Mrs. Speagle by her attorney, Mr. Allen, the following took place: "Q. Did he [the insurance adjuster] ever accuse you of burning your house? A. No, he said, 'They said that it was gassed but I don't believe it.' And that's when I volunteered to take a polygraph test. And I don't know who 'they' is. The Court: I think your witness is equivocating her testimony, Mr. Allen. I don't know but she has changed her testimony once or twice. Mr. Allen: We would like to object to the comment by the court on the testimony. The Court: Well of course when you get equivocating testimony like that —. Mr. Allen: Well, isn't that a matter for the jury, your honor, as to her credibility? The Court: Well, I'm not going into her credibility. No, credibility is up to the court but I'm not questioning her credibility. Go ahead but you are still backtracking on some of the material again, which the court has instructed you not to do, there's no need to do that. Go ahead."

There is no question that this colloquy constituted an improper comment on the credibility of the witness. *Jefferson v. State,* 80 Ga. 16, 18 (5 SE 293); *Raoul v. Newman,* 59 Ga. 409 (2); *Dye v. Denham,* 4 Ga. 224 (1); *Pound v. State,* 43 Ga. 88 (7). It was made in the presence of the jury and was harmful in that appellant's credibility was an important aspect of the case.

The question is whether objection to the comment *alone,* is sufficient to raise a reviewable error, or should counsel have gone further and requested a mistrial or some other form of corrective action. The cases are legion that an error made by improper expression of opinion by the trial judge may not be raised on appeal unless there has been an objection *or* a motion for mistrial. See, e.g., *Cotton v. Pendley,* 130 Ga. App. 552 (1) (203 SE2d 758); *Home Finance Co. v. Smith,* 116 Ga. App. 76 (2) (156 SE2d 522); *Palmer v. Stevens,* 115 Ga. App. 398 (2) (154 SE2d 803); *Lumbermen's &c. Alliance v. Jessup,* 100 Ga. App. 518 (5) (112 SE2d 337). These cases and many more indicate that either an objection *or* a motion for mistrial would be sufficient to present a reviewable issue. CPA § 46 (a) (Ga. L. 1966, pp. 609, 655; Code Ann. § 81A-146 (a)) provides: ". . . [I]t is sufficient that a party, at the time the

ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take *or* his objection to the action of the court and his grounds therefor." (Emphasis supplied.) Again, the indication is that an objecting party may *either* make known to the court the action which he desires the court to take (mistrial) *or* make known his objection to the court's action and the ground therefor.

The transcript in this case shows that counsel objected to the court's action on the ground that it was a comment on the credibility of his witness. Such objection was sufficient to satisfy the requirements of the statute, and present the error for review.[1]

2. Appellant's next enumeration of error is that the trial judge erred in sustaining objection to the following question asked of appellant's expert witness: "Based upon your investigation of this case, what are the possible causes of three fires, based on the evidence in this particular case?" The witness had previously testified he did not know what caused the fire. The objection was properly sustained on the grounds that the question as to "possible causes" calls for mere conjecture or speculation on the part of the witness. See *Srochi v. Kamensky,* 121 Ga. App. 518 (4) (174 SE2d 263); *English v. Georgia Power Co.,* 66 Ga. App. 363 (4) (17 SE2d 891).

3. Appellant also objected to the admission of the deposition of an expert who had examined some samples

---

[1]The cases of *Seaboard C. L. R. Co. v. Wallace,* 227 Ga. 363 (180 SE2d 743); *Grice v. State,* 224 Ga. 376 (1) (162 SE2d 432); *Brooks v. State,* 183 Ga. 466 (188 SE 711); *Averette v. Oliver,* 128 Ga. App. 54 (2) (195 SE2d 925), are distinguishable in that those cases all involve errors alleged in prejudicial argument or improper conduct of opposing counsel under Code § 81-1009. In those cases it is held that an objection *and* request for some form of corrective action are necessary to present reviewable error. Where the error, as here, is an expression of opinion from the bench, the error has already been committed without there being a further necessity of invoking a judicial ruling.

of glass taken from appellant's house after the fire. Appellant contends that there was a break in the chain of custody of the glass samples in that one person, Mr. Uldricks, is alleged to have handled the glass samples before they were sent by mail to the expert witness. There is no evidence that Mr. Uldricks ever handled the glass samples. The fact that he signed the cover letter sending the samples does not prove this. In fact the testimony was to the contrary: "Q. Did Mr. Uldricks ever have custody himself of these items? A. No, he did not, he definitely did not." "In the absence of evidence of tampering with the substance, the chain of custody has not been shown to be broken." *Davis v. State,* 135 Ga. App. 203, 204 (217 SE2d 343).

4. Appellant contends that it was error to permit a fire investigator called by the insurance company to testify as to what he considered to be a "substantial quantity" of gasoline. He stated he usually considers 150 or 125 parts per million concentration of gasoline in a sample to be a "substantial quantity." Appellant contends that such testimony required chemical expertise, which was not shown to be within the fire investigator's background. This objection is without merit. It does not require chemical expertise to testify what is a "substantial quantity." The witness was qualified to state the quantity of gasoline found and whether or not, in comparison to other fires investigated, that quantity was substantial.

5. Appellant's final error is that the trial court erred in refusing to charge Code § 38-119, which states generally that where a party has evidence "in his power and within his reach" or "having more certain and satisfactory evidence within his power," but fails to produce it at trial, a rebuttable presumption arises that the claim which the evidence might repel is well founded. In this case, several witnesses for the insurance company testified that they saw an empty gasoline can on the appellant's premises after the fire, and one witness stated that it smelled of gasoline.

A charge on Code § 38-119 would not have been supported by the evidence. There is no evidence in the transcript that the insurance company or any of its agents

ever took the can into their possession. The evidence was therefore not "in his power and within his reach." See *Anderson v. Southern R. Co.,* 107 Ga. 500, 508 (33 SE 644); *Alabama &c. R. Co. v. Hamby,* 56 Ga. App. 215 (2) (192 SE 467); *Trammell v. Atlanta Coach Co.,* 51 Ga. App. 705 (6) (181 SE 315).

*Judgment reversed on grounds stated in Division 1. Pannell, P. J., concurs. Evans, J., concurs specially.*

ARGUED FEBRUARY 3, 1976 — DECIDED APRIL 7, 1976 — REHEARING DENIED APRIL 21, 1976 — ▮▮▮▮▮▮▮

*Durden, Durden & Allen, Rodney L. Allen, Black & Black, Gene Black, Jr.,* for appellant.
*Landau & Davis, Edmund A. Landau, Jr., James V. Davis,* for appellee.

EVANS, Judge, concurring specially.

I agree with all that is said in the majority opinion. However, in Division 2 of the majority opinion, the witness whose testimony was under attack was an expert, and such witnesses are allowed a wide latitude in giving their opinions on what caused certain things to happen. Here the witness was asked as to "possible" causes, which is entirely too broad. If the question had been limited as to "probable" causes, I feel that it would have been a proper question.

I agree with the majority opinion in reversing this case, with the above explanation.