## 52886, 52887. RELIFORD v. CENTRAL OF GEORGIA RAILROAD COMPANY; and vice versa.

SMITH, Judge.

In this FELA case, plaintiff's decedent was shot and killed by a third party while working for the defendant railroad company. His employer, Bankhead Enterprises, was under contract to the defendant. Plaintiff appeals

from a jury verdict and judgment for defendant and presents eight enumerations of error for our review. Defendant has cross appealed. *Held:*

1. We have carefully reviewed the record and transcript and find that there is sufficient evidence to support the verdict of the jury. Enumeration of error 1 is accordingly without merit.

2. Enumeration 2 assigns error in the trial court's instruction to the jury that the decedent had a duty to exercise ordinary care for his own safety. This enumeration is without merit. There was evidence to support the charge and it was correct as given. The trial court instructed the jury in clear terms that negligence on the part of the decedent, if any, would not bar a recovery against the defendant but would only reduce the amount recoverable. See *Seaboard C. L. R. Co. v. Thomas,* 125 Ga. App. 716 (1) (188 SE2d 891); *Seaboard C. L. R. Co. v. Daugherty,* 118 Ga. App. 518 (2) (164 SE2d 269), cert. den., 397 U. S. 939 (90 SC 950, 25 LE2d 120); *Atlantic C. L. R. Co. v. McDonald,* 103 Ga. App. 328 (1) (119 SE2d 356). The charge, considered in its entirety, was correct. See *Brown v. Matthews,* 79 Ga. 1 (1) (4 SE 13).

3. Enumerations of error 4 and 8 concern the trial court's sustaining of defense objections to questions propounded by plaintiff's counsel to two witnesses. The question in Enumeration 4 called for a conclusion the witness was unable to make and the record does not show what his answer would have been. Answers constituting mere conclusions, surmise or conjecture are properly excluded from evidence. Code Ann. § 81A-161; *Mayor &c. of Athens v. Gregory,* 231 Ga. 710 (5) (203 SE2d 507); *Speagle v. Nationwide &c. Ins. Co.,* 138 Ga. App. 384 (2) (226 SE2d 459); *English v. Ga. Power Co.,* 66 Ga. App. 363 (4) (17 SE2d 891).

The testimony elicited by the question in Enumeration 8, possibly calling for a conclusion by the witness, was already in evidence. If it was error to exclude it the error was harmless. Enumerations 4 and 8 are without merit.

4. The remaining enumerations of error, 3, 5, 6 and 7, concern issues of damages only, not liability. "Errors in the exclusion of evidence that pertain only to matters of

damages are harmless where the jury determines that the complainant is not entitled to recover. *Robinson v. Murray,* 198 Ga. 690 (2) (32 SE2d 496); *Parsons v. Foshee,* 80 Ga. App. 127, 132 (4) (55 SE2d 386)." *F. N. Roberts Corp. v. Southern Bell Tel. & Tel. Co.,* 132 Ga. App. 800, 802 (2) (209 SE2d 138).

5. Because we find no cause for reversal in plaintiff's appeal, defendant's cross appeal is moot and need not be considered.

*Judgment affirmed in case no. 52886; case no. 52887 is dismissed as moot. Deen, P. J., and Webb, J., concur.*

ARGUED OCTOBER 5, 1976 — DECIDED DECEMBER 2, 1976 — REHEARING DENIED DECEMBER 15, 1976, IN CASE NO. 52886 —

*Jack Helms, Parker & O'Callaghan, James I. Parker,* for appellant.

*Smith, Shaw, Maddox, Davidson & Graham, J. D. Maddox,* for appellee.

